# Wilson *v.* Pike County.

### Bill to Enjoin Issue of Bonds.

1. *Elections; Place; Notice.*—Where the law prescribes the place of an election, the people take notice of it,' and, if a special notice is to be given by any officer, the provision is deemed directory merely. But this would not be the case if the place was not fixed by law, so that notice became essential for that purpose.

2. *Same; Statutes; Act to Provide for Elections on Bond Issue by Counties.*—Under the act to provide for elections for the issuance of bonds by a county (Acts 1903, p. 90), the election is to be held throughout the entire county, and sections four and five of said act require the appointment of managers to conduct the election in each beat or polling place in the county. This fixes the place of the election, and no spcial notice thereof is necessary.

APPEAL from Pike Chancery Court.

Heard before the Hon. W. L. PARKS.

The bill in this cause was filed by the appellant, J. B. Wilson, and sought to enjoin the county of Pike from selling certain county bonds, authorized by a special election held under the act (Acts 1903, p. 90).

No special statement of facts averred is necessary.

FOSTER, SAMFORD & CARROLL, for appellant.

BRANNEN & GARDNER, for appellee.

ANDERSON, J.—The sole point in support of the contention that the bill contains equity is that the election held for the bond issue was not in accordance with the law on the subject, in that the notice given by the probate judge did not comply with section 2 of the act of 1903, page 90, because it failed to state the place for holding the election.

The authorities seem to hold that where the law prescribes the place of an election, the people take notice of it as they do of any other law, and if a special notice is to be given by any officer, the provision is deemed directory merely.—*County of Colbert v. Thurwood,* 116 Ala. 209; 10 Am. & Eng. Ency. Law, 624, and notes; Cooley on Const. Lim., page 603. But this would not be the case if the place was not fixed by law, so that notice became essential for that purpose.—McCrary on Elections, 143; Troop on Public Officers, 150; *People v. Cowles,* 13 N. Y. 508; *State v. Jones,* 19 Ind. 356; *La-Fayette v. State,* 69 Ind. 218; *Berry v. McCullough,* 94 Ky. 247; *People v. Hartwell,* 12 Mich. 508.

The election in the case at bar was to be held throughout the entire county, and sections 4 and 5 of said act, required the appointment of managers to conduct the election in each beat, or polling place in the county. The law therefore fixed the place, and of which the voters were chargeable with notice, independent of any special notice required by section 2 of said act.

The chancellor properly dismissed the bill for want if equity, and the decree is affirmed.

Affirmed.

Dowdell, Simpson and Denson, JJ., concurring.