# Blakey *v.* City Council of Montgomery.

*Bill to Enjoin Issuance of Bonds by City.*

[DECIDED DEC. 20, 1905, 39 So. REP. 745.]

1. *Statutes; Title; Expression of Subject.*—The fact that the act to authorize cities and towns to issue bonds for certain purposes (Acts 1903, p. 59), provides for an election and the issuance of bonds in accordance with the result thereof, does not render said act violative of § 45 of the Constitution of 1901, as the provisions thereof are embraced within and clearly cognate and referable to the general subject of the act.

2. *Constitutional Law; Issuance of Bonds; Legislative Authority.* Section 222 of the Constitution, which empowers the legislature to pass general laws authorizing municipalities to issue bonds, does not require the passage of more than one law to fully confer such authorization.

3. *Statutes; Local Acts; What Are.*—Under § 225 of the Constitution, which provides for the issuance of municipal bonds and limits the indebtedness of municipalities, but exempts Sheffield and Tuscumbia from its operation, an act authorizing cities and towns to issue bonds for specific purposes is not rendered a local act requiring notice of intention to be introduced, because, by its term, it exempts Sheffield and Tuscumbia from the operation of its provision.

4. *Municipal Corporation; Issuance of Bonds; Statutory Formality.* The fact that the minutes of the municipality seeking to

31

issue bonds does not show that thirty days' notice of the election was given, does not effect the validity of the election, especially when the attack does not allege that notice was not given; nor does the fact that no returning officer for the various precincts was appointed invalidate such election.

5. *Same; Collateral Attack; Presumptions of Validity.*—Under the act authorizing cities to issue bonds, and requiring an election to be held as a condition of issuing the bonds, and providing for a contest of such election, it will be presumed, in the absence of a contest, and on collateral attack, that such election was held in accordance with the statute.

6. *Same; Validity of Bond; Irregularity of Proceedings.*—The act authorizing issuance of municipal bonds, provides that no irregularity in the proceedings shall effect the validity of any bond issued under it, and although the act requires the bonds issued to be coupon bonds, the fact that the ordinance calling the election on the bond issue, provides that the bonds shall be either coupon or registered bonds, at the option of the holder, this does not effect the validity of the bonds issued pursuant to the election, where such bonds, as actually issued, are coupon and not registered bonds.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

This was a bill filed by the appellant and sought to declare the act of the Legislature of Alabama approved Feb. 25, 1903, unconstitutional and void and an ordinance passed by the City Council of Montgomery under the authority of said act to authorize the issuance by the City Council of Montgomery of $50,000 of bonds for the construction or purchase of public school houses or buildings null and void and to restrain the City Council from the issuance of said bonds. The validity of the act of the Legislature is attacked first, because the act of the Legislature (Acts of 1903, p. 59) is violative of Sec. 45 of the Constitution in that it contains more than one subject; Second.—because said act is in violation of § 62 of the Constitution; Third, because said act is violative of Sec. 106 of the Constitution in that it is a local law and no notice was given. The ordinances are attached because of the unconstitutionality of the act; and because the act provided that the bonds issued under it, should be coupon bonds and the ordinance provides for either coupon or registered bonds; and because the re-

[Blakey v. City Council of Montgomery.]

cords of the City Council fail to show that any returning officer for each voting precinct in the city was elected, and because the minutes of the City Council failed to show that the thirty days notice as required by the act was given before the election.

PHARES COLEMAN, for appellant.—The act of the legislature approved Feb. 25th is invalid as said act in its title and its body has two subjects expressed, and there are provisions relating to two subjects. This is violative of § 45, Art. 4, Constitution 1901.—*State v. Buckley,* 54 Ala. 599; *Ballentyne v. Wickersham,* 75 Ala. 533; *Bradley v. State,* 99 Ala. 177; *White v. Burgin,* 113 Ala. 170; *State v. Southern Railway,* 115 Ala. 250; *Lindsey v. United States Savings & Loan Asso.,* 120 Ala. 156; *State v. Wilson,* 123 Ala. 259; *Montgomery Beer Bottling Works v. Gaston,* 126 Ala. 423; 2 Mayfield's Digest, page 700, §§ 278, 351.

It is one thing to provide for the holding of elections to determine upon the issuance of bonds, and it is quite a different thing to confer authority upon a municipality to pass an ordinance to issue bonds after the qualified electors have voted therefor.—*Block v. State,* 66 Ala. 492; *People v. Allen,* 42 N. Y. 404; *Childs v. Monroe,* 4 Metc. (Ky.) 72; *State ex rel. Kinsella,* 14 Minn. 524; *State v. Harrison,* 11 La. Ann. 722; *Dorsey's case,* 72 Pa. St.

In the passage of this bill, § 62, Art. 4 of the Constitution of 1901, was not complied with. The fact that this article was complied with must affirmatively appear of record else the act is unconstitutional and void.—*State v. Buckley,* 54 Ala. 599; *State v. Wilson,* 123 Ala. 259; *Montgomery Beer Bottling works v. Gaston,* 126 Ala. 425.

In view of this express requirement of the constitution compliance cannot be presumed.—*State v. Buckley,* 54 Ala. 599; *Walker v. Griffith,* 60 Ala. 361; *Moog v. Randolph,* 70 Ala. 577: *Sayre v. Pollard,* 77 Ala. 608; *Jones v. Hutchinson,* 43 Ala. 721.

There was no returning officer appointed to make return of this election to the City Council or canvassing board. Such provisions are mandatory and returns not

so authenticated, cannot be authorized by the canvassers of the election.—*Jackson v. Wayne*, Cl. & H. El. Cas. 47; *Christman v. Anderson*, 1 Brt. El. Cas. 328; *Barnes v. Adams*, 2 Bart. El. Cas. 760; *Niblack v. Walls*, Smith El. Cas. 101; *Bisbee v. Finley*, F Cong. El. Cas. 193; *People v. Nordheim*, 99 Ill. 553; *Lawrence Co. v. Schaulhausen*, 123 Ill. 321; Opinions of Justice, 68 Me. 582; Ib. 70 Me. 560; *Perry v. Whitaker*, 71 N. C. 475.

It should affirmatively appear that notice was given of the holding of the election, and this on the minutes of the council.

For authorities on the last three propositions above asserted, see:—*Roney v. Simmons*, 97 Ala. 88; *State v. Hammil*, 97 Ala. 107; *Taylor v. Kolb*, 100 Ala. 603; *Hilliard v. Brown*, 97 Ala. 92; *Gandy v. State*, 82 Ala. 61; *Miller v. Jones*, 80 Ala. 89; *Ramagnano v. Crook*, 85 Ala. 226; *Toole v. State*, 88 Ala. 158; *Butler v. Walker*, 98 Ala. 363; *Norton v. Shelby County*, 118 U. S. 444; *Town of Woodlawn v. Cain*, 135 Ala. 369; 2 Mayfield's Digest, 154.

RAY RUSHTON, for appellee.—The act of the legislature complained of contains but one subject which is expressed in its title. The citations made by appellant sustain our contention, in addition, to the authorities cited by him, we cite:—*Ex Parte Birmingham*, 116 Ala. 186; *Wollf v. Taylor*, 98 Ala. 254; *State v. Street*, 117 Ala. 203; *Morrow v. Earl*, 27 So. Rep. 327; *State v. Sayre*, 118 Ala. 1; *Barnhill v. Teague*, 96 Ala. 207; *Hair v. Kinnerly*, 83 Ala. 608; *Judson v. City of Bessemer*, 87 Ala. 240; *Williams v. Board of Revenue*, 123 Ala. 432.

It is a strained construction to say that § 222 of the constitution prohibits the passage of a single law covering the issuance of bonds. There is no reason for believing that the constitutional convention intended to require separate laws on the subject.

The exhibits to the bill shows that § 66 of the constitution has been fully complied with.—*Walker v. City Council*, in MS.

The act in question is not a local act.

There is no denial that notice was given of the election. There is nothing in the act requiring that the min-

utes of the council shall show that notice of such election was given.

DOWDELL, J.—The act of the Legislature approved February 25, 1903, authorizing cities and towns to issue bonds (Acts 1903, p. 59), is not violative of section 45, art. 4, of the Constitution, which provides that "each law shall contain but one subject, which shall be clearly expressed in its title," etc. The provisions for the election, and the issuance of the bonds in accordance with the result of the election, are embraced within and are clearly cognate and referable to the general subject expressed, which is to authorize cities and towns to issue bonds for certain purposes.—*Ballentyne v. Wickersham*, 75 Ala. 533; *Williams v. Board of Revenue*, 123 Ala. 432, 26 South. 346; *State v. Sayre*, 118 Ala. 1, 24 South. 89; *State v. Street*, 117 Ala. 203, 23 South. 807; *Woolf v. Taylor*, 98 Ala. 254, 13 South. 688; *Barnhill v. Teague*, 96 Ala. 207, 11 South. 444; *Judson v. City of Bessemer*, 87 Ala. 240, 6 South. 267, 4 L. R. A. 742; *Hare v. Kennerly*, 83 Ala. 608, 3 South. 683.

There is no merit in the contention that section 222 of the Constitution prohibits the passage of a single law covering the issuance of bonds, and that it requires that more than one law shall be passed to authorize a city or town to issue the bonds. The authority to the Legislature, given by this section, is to pass general laws, authorizing counties, cities, towns, villages, districts, or other political subdivisions of counties, to issue bonds; and the plural word "laws" was employed manifestly for the purpose of allowing the Legislature to pass a different act for cities, towns, and villages, and another act for counties and political subdivisions of counties. If the plural had not been used, and the legislature had been simply authorized to pass a general law, then it would have been compelled to pass one general law, applying alike to cities and counties. Section 62 of the Constitution has already been passed upon by this court in the case of *Walker v. City Council*, 139 Ala. 468, 36 South. 23. The decision in that case was adverse to appellant's contention here.

The act under consideration is not rendered a local act by the provisions contained in section 10 (page 62) of the act. This section exempts from the provision of the act the cities of Sheffield and Tuscumbia, and in so doing did nothing more than to copy into the act the provisions of section 225 of the Constitution, which exempted these two cities from the provisions of any general law which might be enacted by the Legislature, under article 12 of the Constitution, for the purpose for which the act under consideration was enacted. Just what is contained in section 10, excepting the cities of Sheffield and Tuscumbia, if the same had been omitted, would nevertheless have been read into the act under the provisions in section 225 of the Constitution.

The allegation of complainant's bill is that the minutes of the city council fail to show that any notice of the election was given. It does not aver, as a fact, that notice was not given. There is nothing in the act that the minutes of the city council should show that the notice of election was given. The bill also assails the validity of the election on the ground that the minutes or proceedings of the city council fail to show that any returning officer was elected by the council for said election. This is not equivalent to averring that no returning officer was in fact appointed or elected. Moreover, the failure to have a returning officer would not, we think, be sufficient to invalidate the election on a collateral attack. Section 7 (page 61) of the act provides for the contest of the election. If the act had not provided for a contest, the court would have had jurisdiction to have inquired into the alleged irregularity; but, since no contest was instituted, the presumption will be here indulged that the election was held in accordance with law. "Mere infirmities in the election, which do not affect the result of the election, or its fairness, will not necessarily render the election invalid and justify an injunction against the issuance of the bonds, or render the bonds, if issued, invalid."—21 Am. & Eng. Ency. Law (2d Ed.) p. 49, and authorities cited; *Fidelity Trust Co. v. Mayor*, 96 Ky. 563, 29 S. W. 442.

It is true that the ordinance calling the election provided that the bonds should be either coupon or regis-

[Renfroe, *et al.* v. Yarbrough.]

tered bonds. at the option of the holder. The bill, however, does not aver that the bonds, which, it is alleged, the city had prepared and were offering for sale, were not coupon bonds.

Section 15 (page 63) of the act provides that no irregularity in the proceedings to authorize the issue of bonds under the act, nor the omission or neglect of an officer charged with executing any of the duties impsoed by the act, shall affect the validity of any bonds issued under the authority conferred by the act. The purpose of the election, provided for by the Constitution and by the act, was to give the voter the privilege of saying whether or not the bonds should be issued. It would seem that the matter complained of was nothing more than an irregularity, and such as would be cured by section 15 of the act.

We find no error in the record, and the decree appealed from will be affirmed.

Affirmed.

HARALSON, ANDERSON, and DENSON, JJ., concur.