STATE ex rel. WHITMORE v. CARBON COUNTY
et al.

No. 2078. Decided September 17, 1909 (104 Pac. 222).

1. COUNTIES—ISSUANCE OF BONDS—ELECTIONS—NOTICE. A notice of
a special election to determine the question of the issuance
by a county of bonds is sufficient within Comp. Laws 1907,
section 518, requiring notice of such election, though it does not
designate the polling places at which the election is to be held. †
(Page 395.)

2. COUNTIES—ISSUANCE OF BONDS—ELECTIONS—NOTICE. A notice of
a special election to determine the question of the issuance by
a county of bonds, which recites that a special election has been
ordered and will be held in and for the county on a designated
date as is provided by law, etc., is sufficient without prescribing
the qualifications of the electors prescribed by Comp. Laws 1907,
section 518. (Page 396.)

Original application for a writ of prohibition by the State
of Utah, on the relation of J. M. Whitmore, against Carbon
County and others to restrain the officers of the county from
issuing and negotiating bonds.

WRIT DENIED.

G. A. Iverson for plaintiff.

A. R. Barnes, Attorney-General, for defendants.

STRAUP, C. J.

The board of county commissioners of Carbon County
passed a resolution providing for a special election for the
purpose of submitting to the qualified electors of such coun-
ty the question of incurring a bonded indebtedness in the
sum of forty thousand dollars to build a county courthouse.
In pursuance of the notice which was given, such an election
was held. A majority of the votes cast was in favor of in-
curring the indebtedness. The petitioner has here applied

† State v. Salt Lake City, 35 Utah 25, 99 Pac. 255.

for a writ of prohibition to restrain the commissioners and other officers of the county from issuing and negotiating the bonds. The first alleged irregularity in the proceedings relates to the sufficiency of the published notice required by section 518, Comp. Laws 1907. It is alleged that the notice was insufficient because it did not designate the polling places at which the election was to be held. In the case of the *State v. Salt Lake City,* 35 Utah 25, 99 Pac. 255, it was decided that it was not essential to designate the various polling places in the published notice. We are content with that ruling.

The statute (section 518) further provides that "the board shall by order specify the particular purpose for which the indebtedness is to be created, and the amount of bonds which it is proposed to issue; and shall further provide for submitting the question of the issue of said bonds to the qualified electors of the county, at the next general election, or at a special election to be called by the board for that purpose, and none but such qualified voters as shall have paid a property tax in the county in which the election is being held in the year next preceding such election shall be permitted to vote upon the question of bonds." The resolution or order of the board providing for the election among other things specified the particular purpose for which the indebtedness was to be created, the amount of bonds proposed, and provided "that the question of the issue of such bonds be submitted to the qualified electors of said Carbon County at a special election which is hereby called for that purpose" at a time and place therein designated. In the published and posted notices it was also recited "that a special election has been ordered and will be held in and for Carbon County, Utah, and in the several districts thereof, on Tuesday, March 2, 1909, as is provided by law." In such published and posted notices the particular purpose of incurring the indebtedness, the amount of the bonds proposed, and other matters not here drawn in question were also recited. It is alleged in the answer to the petition for the writ, and it is admitted by the petitioner, that only such qualified voters as had paid

a property tax in the county in the year 1908 were permitted to vote, and only such voted at the election, and that of the total vote cast 294 were in favor of, and 27 against, the question. It is now contended by the petitioner that the election is void because the notices did not specify the particular qualifications which entitled the electors to vote. And it is especially contended that the notices were insufficient because they did not contain the statement or specification, in substance or effect, that none but qualified voters who had paid a property tax in the county in the year 1908, or in the year next preceding the election, were entitled to vote. The statute itself prescribes the qualifications of such electors. It was not essential to set them forth in the notice. (*People v. Counts*, 89 Cal. 15, 26 Pac. 612; *Wilson v. Pike County*, 144 Ala. 397, 39 South. 370.) The function and purpose of the notice is not to notify the public and the taxpayers what the law is, but to notify them of the proposed action to be taken, and of the time and place when and where the consent of those entitled by law to give or withhold it may be obtained. We do not see any merit to the contention.

The writ is denied, and the costs taxed to the petitioner. It is so ordered.

FRICK and McCARTY, JJ., concur.