# VAN ORDEN v. BOARD OF EDUCATION OF CACHE COUNTY SCHOOL DIST. et al.

### No. 3496. Decided July 2, 1920. (191 Pac. 230.)

1. PROHIBITION—GENERAL DEMURRER TESTS SUFFICIENCY OF PLAIN-
   TIFF'S ALLEGATIONS. General demurrer to plaintiff's affidavit and
   petition for writ of prohibition tests the sufficiency of the
   grounds complained of as invalidating proposed bond issue and
   sale.

2. SCHOOLS AND SCHOOL DISTRICTS—TIME FOR KEEPING POLLS OPEN
   AT BOND ELECTION NOT CONTROLLED BY GENERAL ELECTION STAT-
   UTE. In view of Comp. Laws 1917, section 5839, providing the
   revised statutes establish the laws respecting the subjects to
   which they relate, section 2111, fixing time for which polls shall
   be opened at the general election, does not control a special elec-
   tion under section 4627 for bonding a school district of the
   first class, and the school board may provide polls shall be
   opened between 1 and 7 o'clock p. m., it being incumbent on
   board to give notice of time and place of election, and to exer-
   cise a reasonable discretion as to how long the polls should re-
   main opened.[1]

3. SCHOOLS AND SCHOOL DISTRICTS—RESOLUTION AND NOTICE FOR
   BOND ELECTION HELD NOT TO INVALIDATE IT. Resolution of school
   board of district of the first class calling for election on ques-
   tion of a bond issue, and notice of the election as published
   and posted, providing the question should be submitted to the
   qualified voters and taxpayers, did not invalidate the election; a
   qualified voter and taxpayer, under Comp. Laws 1917, section
   4630, being one who has registered and paid taxes.

4. SCHOOLS AND SCHOOL DISTRICTS—BOND ISSUE TO IMPROVE SCHOOL-
   HOUSES AND MAKE ADDITIONS HELD AUTHORIZED; "IMPROVEMENT."
   Bond issue by school district of first class for making improve-
   ments to present schoolhouses and for additions held authorized
   by Comp. Laws 1917, section 4627, authorizing such issues for
   improving the grounds, etc., "improvement" meaning a valuable
   useful addition, as buildings, fences, etc., are improvements of
   real estate, and repairs and additions are improvements of
   buildings.

Original application for writ of prohibition by Peter E.

---

[1] *Whitmore* v. *Carbon County*, 36 Utah, 394, 104 Pac. 222.

Van Orden against the Board of Education of Cache County School District and others.

APPLICATION DENIED.

*C. W. Boyd,* of Salt Lake City, for plaintiff.

*J. C. Walters,* of Logan, for defendants.

CORFMAN, C. J.

This is an original proceeding commenced in this court by the plaintiff as a citizen, resident, and taxpayer of Cache county school district to prohibit the latter from issuing and selling its bonds voted at a special bond election held in said district February 17, 1920.

The question submitted at the election to the voters of the school district, in so far as may be necessary for consideration here, was:

"Shall the board of education of Cache county school district, Cache county, Utah, be empowered to issue and sell its negotiable bonds in the sum of four hundred thousand ($400,000.00) dollars for the purpose of purchasing school sites, building schoolhouses, supply the same with   *   *   *   furniture and the necessary apparatus, and improving buildings and grounds, said bonds to be issued in denomination of $1,000.00," etc.?

At an election held pursuant to notice, 778 votes were cast in favor and 327 against the issuance of said bonds.   The board of education of said district thereupon proceeded, after the necessary preliminary steps had been taken, to negotiate the sale of the bonds as voted for at said election.

The plaintiff's affidavit and petition for a writ of prohibition challenge the legality of the bonds and the right of issuance and sale thereof by the said school district upon three grounds, namely:

"(1)   That the notice calling such election provided that the polls should be open between the hours of 1 o'clock p. m. and 7 o'clock p. m. of said day, and the polls were actually open only between said hours, whereas the laws of the state of Utah require that

at all elections the polls shall be open between the hours of 7 o'clock
a. m. and 7 o'clock p. m.    (2)    That the resolution calling said
election and the notice of election provided that the question of is-
suing said bonds should be submitted to the 'qualified voters and
taxpayers,' whereas the laws of the state of Utah require that such
question shall be submitted to the 'registered voters residing in the
district who shall have paid a property tax in the year preceding
such election.'    (3)    That the resolution calling such election and
the notice of election as published and posted provide that a portion
of funds to be derived from the sale of said bonds shall be used for
the purpose of making improvements to existing schoolhouses,
whereas there is no authority under the laws of the state of Utah
whereby a board of education may issue and sell bonds for any
other purpose than purchasing school sites, building or purchasing
one or more school houses, and supplying the same with furniture
and the necessary appartus for improving the grounds, and for the
refunding and redemption of all or any portion of the outstanding
bonds in any district."

To the plaintiff's affidavit and petition the defendants have
filed a general demurrer, thus testing the sufficiency
of the grounds complained of by plaintiff as invalidat-
ing the proposed bond issue and sale.

1. The first question presented by the plaintiff, therefore,
is whether or not the resolution of the school board calling
the election and the notice of election as posted and pub-
lished providing that the polls should be open between the
hours of 1 o'clock p. m. and 7 o'clock p. m., and the fact that
the polls remained open only during said hours, invalidated
the election.

Cache county is a school district of the first class.

Practically all the laws of our state appertaining to the
establishment and maintenance of our public school system
are to be found under title 90, Comp. Laws, Utah 1917, as
amended by the provisions of chapter 84, Laws Utah 1919.
With respect to special elections for the purpose of bonding
a school district of the first class, section 4627, Comp. Laws
Utah 1917, provides that the board of education may submit
the question of bonding to the registered voters who are tax-
payers of the district.    Section 4628 prescribes the manner
in which such an election may be called and that the notice
of the election shall contain, among other things, "the time

and place of holding the same" and "the time during which polls will remain open." The section of the statute under consideration being silent as to the hours, the defendant contends that the time the polls shall remain open is to be determined by the board of education and fixed by them at the time of calling an election. The plaintiff makes the contention that the provisions of title 27, Comp. Laws Utah 1917, with respect to general elections, should govern. Section 2111 under said last-mentioned title provides:

"At all elections, the polls shall be opened at seven o'clock a. m. and continue open until seven o'clock p. m. of the same day."

Both parties agree that by reason of section 4628, supra, providing that the notice of the election shall prescribe the time during which the polls shall remain open, said section presupposes that the hours should be fixed, either by action of the board or by some statute in order to hold a valid election. That must be conceded.

The provisions of title 27, c. 1, supra, relied on by the plaintiff, deal with a "general election." Under the aforesaid title and chapter, it is provided by section 2100 thereof that—

"There must be held throughout the state on the first Tuesday after the first Monday in November in the year 1898, and biennially thereafter, an election to be known as the general election."

Section 2101 of the same chapter defines a general election to be "for the purpose of choosing in the proper years therefor as specified by the Constitution and the laws, one or more of the following officers, to wit," (naming public officers and not including municipal or school officers). Sec. 2111, supra, provides that at all elections the polls shall remain open from 7 o'clock a. m. until 7 o'clock p. m. of an election day. A mere cursory reading of the provisions of chapter 1 under said title 27 ought to convince the most critical that the Legislature is there dealing with general elections held for the purpose of electing public officers as distinguished from all other elections. So, too, we think it is apparent that under title 90, supra, the Legislature is dealing solely and independently with matters concerning the public schools, under

which title is found section 4627, providing for a "special election for bonding district," and section 4628, providing how an election shall be called for that purpose. As a matter of interpretation of statutes, it is provided by section 5839, Comp. Laws Utah 1917, that "the Revised Statutes establish the laws of this state respecting the subjects to which they relate." In view of the foregoing section, 5839, we would, in our opinion, be going far afield to attach any weight or importance to the provisions of section 2111, supra, when it is so patent that the Legislature by that act was dealing with the election of officers, an entirely different subject from the bonding of a school district.

As we read the provisions of section 4628, it was incumbent upon the school board, the time not being fixed by the statute relating to special school bond elections, to give notice of the time and place of holding the bond election under consideration. Further, we are of the opinion that the requirements of said section 4628 that the notice of election shall prescribe the time which the polls shall remain open imposes upon the board the duty of exercising a sound and reasonable discretion as to what hours the polls shall remain open in order to best subserve the interests and convenience of the qualified voters within the district. We are not prepared to say, at least in the absence of some showing to the contrary, that the hours fixed in the notice, from 1 o'clock p. m. to 7 o'clock p. m., were not reasonable and best suited to subserve the interests and accommodate the voters of the district. We therefore hold that the validity of the bonds voted for cannot be questioned by reason of the first objection urged against them by the plaintiff.

2. We shall next consider whether the fact that the resolution calling an election and the notice of the election as published and posted providing that the question of issuing bonds should be submitted to the "qualified voters and taxpayers" render the election an illegal one.

The qualifications of the electors are prescribed by section 4630, Comp. Laws Utah 1917, which provides:

"Every registered voter residing in any school representative

district in which any election is held for the purpose of determining the question of issuing bonds for such school district, and who shall have paid a property tax therein in the year preceding such election, shall be entitled to vote at any such election. Challenges for cause by any qualified voter shall be allowed at such election, and promptly decided by the judges conducting the same."

We think the term "qualified voters and taxpayers" as employed in the notice was equivalent to "registered voters, * * * who shall have paid a property tax, * * * as provided in the statute." Necessarily a qualified voter and taxpayer must be one who has registered and paid a property tax. *McLaurin* v. *Tatum*, 85 S. C. 444, 67 S. E. 560; *Whitmore* v. *Carbon County*, 36 Utah, 394, 104 Pac. 222. Moreover, in the case last above cited this court held:

"The statute itself prescribes the qualification of such electors. It was not essential to set them forth in the notice. * * * The function * * * of the notice is not to notify the public * * * what the law is, but to notify them of the proposed action to be taken," etc.

We find no merit in plaintiff's contention that the submission of the question to be voted upon and the notice given invalidated the election.

3. Lastly, the plaintiff questions the validity of the bond issue for the purposes designated by the board of education in the resolution calling the election and in the notice posted and published.

It is provided by section 4627, Comp. Laws Utah 1917, that—

"The board of education may * * * call an election in each school representative precinct of the district, and submit to the taxpayers of the district whether bonds of such district shall be issued and sold for the purpose of raising money for purchasing school sites, for building or purchasing one or more schoolhouses, and supplying the same with furniture and necessary apparatus, for improving the grounds, and for the refunding and redemption of all or any portion of any bonds outstanding in such district."

The resolution passed and the notice posted and published designated, among other purposes expressly authorized by statute, the purposes of making "improvements to present schoolhouses" and also "for additions to present school-

houses," and, we think, rightly so. Counsel for plaintiff concedes that additions to present schoolhouses may be considered within the meaning of the statute under consideration wherein it is provided that one of the purposes may be "building a schoolhouse,"' but he contends that the statute does not authorize the issuance and sale of bonds for the purpose of "improving existing buildings." The term "improvement," as defined by the Standard Dictionary, means "a valuable or useful addition to or modification of something; as, buildings, fences, etc., are improvements of real estate; repairs or additions are improvements of buildings." Webster defines the term as a "betterment." We think the expression "for improving the grounds," found in the section last referred to, when taken in its ordinary and general acceptance, must be held to mean and include such improvements as "additions" and "improvements to existing buildings" upon school grounds. As we view the phrase "for improving the grounds," found in section 4627, it necessarily has a comprehensive meaning, and, if the expression is to be given effect at all, it must be held to include all those objects or purposes which tend to make a school ground fit and serviceable for the proper care and housing of school children and the conducting of the school work. It would indeed be a senseless thing to say that the district may bond for new buildings or new additions, but may not, under the statute, bond for the improvement of existing buildings so that they may become more convenient and serviceable when the same may be done, as is oftentimes the case, at a mere nominal expenditure as compared with the cost of building new structures.

After a careful review of the proceedings of the defendant board of education, and duly considering all the questions raised by plaintiff's petition and the contentions made by his counsel, we have become convinced that the proposed issuance and sale of bonds by the defendant is legal. It is therefore ordered that plaintiff's application for a writ of

prohibition be, and the same is hereby, denied. Costs of the proceeding to be taxed to plaintiff.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.