(125 So. 646)

**BROWDER v. GUNTER, President of Board of Com'rs, et al. (3 Div. 911.)**

Supreme Court of Alabama. Jan. 16, 1930.

T. E. Martin, of Montgomery, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellees.

FOSTER, J. The purpose of this suit is to test the legality of certain proposed bond issues of the city of Montgomery.

The proceedings looking to their issue were conducted by authority of the act of the Legislature approved September 10, 1927, designated as the Municipal Bond Code. Acts 1927, p. 534.

There is only one attack made upon the legality of the proposed bonds. It is in substance that whereas section 7 of the act relating to publication of notice of the election states that such notice, among other things, shall show "the time or times when the bonds are to mature and the amount that is to mature at each such time," the notice in this respect stated that the bonds "shall run for thirty years from their date and shall be payable in annual installments, none of which shall be more than twice as large as the smallest installment, and the first installment shall be payable three years after the date of the bonds." Does this situation constitute a fatal defect in the validity of the bonds?

In passing on that question, we must note other features of the act. Section 12 provides that the governing body of the city shall make a record of the result of the election on the minutes of the city, and when so recorded it shall be conclusive evidence of the matters therein stated, and the *validity of such election*, unless contested as provided therein. Sections 13, 14, and 15 provide for a contest which must be commenced in 40 days from date of election.

Section 52 provides that the bonds "shall be payable in annual installments, none of which shall be more than twice as large as the smallest prior installments, and the first of which shall be payable not later than three years after the date of the bonds." The last installment "shall be payable within the period of usefulness of the improvement or property for which the bonds are issued." Section 66 provides that "no irregularity in the proceedings to authorize the issue of bonds under this code, nor the omission or neglect of any officer charged with the execution of any duties imposed by this code shall affect the validity of any bonds issued under this authority."

We believe the foregoing provisions of the act are those which are pertinent to the question in hand. We observe that we are not dealing with a constitutional requirement, such as relates to the sufficiency of the ballot. While the form of ballot must conform to section 222, Constitution (State ex rel. Garrow v. Grayson [Ala. Sup.] 123 So. 573;[1] Dent v. Eufaula, 199 Ala. 280, 74 So. 369; Realty Inv. Co. v. Mobile, 181 Ala. 184, 61 So. 248; Coleman v. Eutaw, 157 Ala. 327, 47 So. 703), there is no constitutional provision as to the form of notice.

We are confronted with a variance between the requirements of section 7 as to a detail of the notice, and the terms of the notice as published. In the light of the features of the act to which we have referred and the purpose of the notice, we should determine whether the requirement in this respect is mandatory or directory and is in the category of an irregularity cured by section 66 of the act. The notice of the special election is, in some respects, mandatory, when the act as a whole is properly so interpreted. As an instance, it has been held that the notice of a special election must accurately state the time and place of the election, unless the law fixes such time and place. But when the law does fix such time and place, error as to either in the notice published is held to be directory, as not affecting the fundamental rights of the voter. Colbert County v. Thurmond, 116 Ala. 209, 22 So. 558; Wilson v. Pike County, 144 Ala. 397, 39 So. 370; Shanks v. Winkler, 210 Ala. 101, 97 So. 142.

The provisions of an act making irregularities innocuous are usually given effect when the fundamental or substantial rights of the voter are protected. We find many illustrations of this principle in our system of laws and decisions. An analogy is found in the law relating to street improvements by a city whereby adjoining property owners are taxed to pay the cost and bonds are issued to raise the funds. The curative features of the law in this respect are held to have full force and effect. Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746; Birmingham v. Abernathy, 178 Ala. 221, 59 So. 180; Garner v. Anniston, 178 Ala. 430, 59 So. 654; Hood v. Bessemer, 213 Ala. 225, 104 So. 325.

Another analogy may be found in giving effect to such provisions of the jury law as make certain requirements directory. If these requirements relate to the fundamental, substantial rights of the defendant, they are held mandatory. Zininam v. State, 186 Ala. 9, 65 So. 56; Spooney v. State, 217 Ala. 219, 115 So. 308; Doss v. State [Ala. Sup.] 123 So. 231.[2] But if they relate to matters which do not affect such fundamental rights, under the liberal features of the jury law in existence they are held to be directory. Evans v. State, 209 Ala. 563, 96 So. 923; McNutt v. State, 219 Ala. 116, 121 So. 435.

[1] Ante, p. 12.
[2] Ante, p. 30.

[redacted] 

[redacted]

[redacted] It is very well settled, too, that when defects and irregularities occur in a bond election, unless vested rights have supervened, or some constitutional requirement is involved, or some fundamental right is affected, the defects may be removed by legislative action, referred to as "curative statutes." 6 McQuillin, Municipal Corporations (2d Ed.) § 2469 (2310); Jefferson County v. Hewitt, 206 Ala. 405, 90 So. 781; Lovejoy v. Beeson, 121 Ala. 605, 25 So. 599.

We can see no difference in this respect between curative provisions when contained in the same act, and when they are in another statute. The language of section 66, to which we have referred, is the same as that contained in section 15 of an act approved February 25, 1903 (Acts 1903, p. 59), authorizing cities and towns to issue bonds, which was codified as section 1435, Code 1907, and section 2274, Code of 1923. This section of the Code was repealed by the Municipal Bond Code Act of 1927, but its provisions are the same as section 66 of that act. So that the important features of section 15 of the Act of 1903 remain as then enacted.

[redacted] In the case of Blakey v. City of Montgomery, 144 Ala. 481, 39 So. 745, 746, the effect of this feature of the law was given consideration as applied to the notice of an election. The minutes of the council did not show the notice at all. It was said that "mere infirmities in the election, which do not affect the result of the election, or its fairness, will not necessarily render the election invalid and justify an injunction against the issuance of the bonds, or render the bonds, if issued, invalid." After referring to said section 15 (which is substantially the same as section 66 of the Act of 1927), it was said that: "The purpose of the election, provided for by the Constitution and by the act, was to give the voter the privilege of saying whether or not the bonds should be issued. It would seem that the matter complained of was nothing more than an irregularity, and such as would be cured by section 15 of the act." It was also said in that case that a contest of the election is authorized by the act, "but, since no contest was instituted, the presumption will be here indulged that the election was held in accordance with law." The act there referred to authorized a contest within 10 days (section 7 of the Act of 1903, supra; Code, 1907, § 1427), but contained no such section as No. 12 of the Act of 1927, making the record conclusive as to the validity of the election. This latter provision is a feature added in the Act of 1927, which should also be given due consideration. Since the decision of the Blakey Case, the important features of the Act of 1903, as thus interpreted, were readopted in the Codes of 1907, 1923, and the Act of 1927. The opinion has therefore become a fixed interpretation. But, aside from that, we feel that it is thoroughly sound in principle.

[redacted] The bill in the instant case alleges that 40 days have expired since the city authorities made the record prescribed by section 12 of the Act of 1927, and that no contest was filed, and that a portion of the bonds have been issued and sold.

In view of the fact that the published notice contained the substantial features of section 52 of the act as to the amount of the annual installments, though it may not be a strict compliance with section 7, we conclude that the variance was but an irregularity which probably did not affect the result of the election or its fairness, and that its effect did not invalidate the proceedings, but was a mere irregularity, and controlled by sections 12 and 66 of the Act of 1927. The voters were not deceived in any respect and had full opportunity to vote against the proposal and to contest the election within forty days thereafter.

It is also our conclusion that the bonds which had been sold and issued more than 30 days before this suit was filed, and more than 40 days after the result of the election was declared, are further protected in so far as this question is concerned by section 59 of the act, which makes such bonds so issued incontestable, unless proceedings are begun to test their validity before such period has expired.

For all these reasons we conclude that the decree of the circuit court sustaining demurrer to the bill was correct.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.