160 So. 260

## COMMONWEALTH LIFE INS. CO. v. FIRST NAT. BANK OF BIRMINGHAM et al.

### 8 Div. 601.

Supreme Court of Alabama.

Feb. 28, 1935.

Rehearing Denied April 4, 1935.

Wm. L. Chenault, of Russellville, for appellant.

J. Foy Guin, of Russellville, and Marvin Woodall, of Birmingham, for appellees.

GARDNER, Justice.

The appeal is from the decree of May 8, 1934, sustaining demurrer to the bill as last amended. The demurrer was properly sustained.

Complainant derives its title from one Carter, original owner of the real estate, and occupies Carter's position, so far as concerns the present litigation. Montgomery v. City of Florence, 226 Ala. 340, 146 So. 882.

The original bill was one to remove a cloud on title, and sought to have the street improvement assessment lien declared void and canceled. The regularity on the face of the assessment proceedings is admitted, but attacked as invalid largely upon the theory that no evidence was offered before the board of mayor and aldermen showing that the paving improvements increased the value of the property, the board being content with the engineer's report. But this was a matter of irregularity of procedure only, not affecting the question of jurisdiction, and subject to correction upon objection duly interposed. The case of Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417, fully sustains this view.

It is not questioned in the bill that Carter, the owner, did not have the notices as provided by law, nor, indeed, that he did not have actual knowledge of all the facts. Our authorities are clear to the point that a bill in equity does not lie for matters which could, with due diligence, have been presented and adjudicated in the original proceedings (Wynn v. First Nat. Bank of Dothan [Ala. Sup.] 159 So. 58, 59 [1]), and the averments of the bill present a case for the application of the statutory estoppel to be found in section 2196, Code 1923, as amended by Laws 1927, p. 765, § 25. Grant v. City of Birmingham, 210 Ala. 239, 97 So. 731; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; City of Jasper v. Sanders, 226 Ala. 84, 145 So. 827.

The bill was twice amended, and there were added averments essential for a statutory bill to quiet title (Code 1923, § 9905 et seq.). Complainant insists, therefore, the bill is sufficient as one of this latter character, and the demurrer improperly sustained, citing Cooper v. W. P. Brown & Sons Lumber Co., 214 Ala. 400, 108 So. 20; Stacey v. Jones, 180 Ala. 231, 60 So. 823. But the bills considered in these cases were primarily statutory bills to quiet title, and other matters were held merely incidental thereto.

In the instant case the bill, as originally filed and as amended, has for its primary purpose the removal of a cloud on complainant's title by reason of an alleged invalid assessment, and seeks its cancellation. To hold that by adding averments, by way of amendment, to meet also requirements for a statutory bill to quiet title, the original bill was converted into one of this nature would, as observed in City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746, and

reiterated in Grant v. City of Birmingham, supra, be a perversion of the statute for quieting title, and "merely evince a desire to shift the burden of averment and proof in respect to the validity of the assessment proceeding contrary to the spirit and letter" of our improvement assessment statute. We are of the opinion the bill is now, as originally, one to remove cloud on title and all other matters incidental thereto.

There are no averments indicating the date of the improvement assessment proceedings, and as what has been said suffices for a disposition of the cause, a consideration of the act approved September 10, 1927 (General Acts 1927, p. 534; Browder v. Gunter, 220 Ala. 407, 125 So. 646), has been pretermitted as unnecessary.

The chancellor rendered two decrees on demurrer to the bill as amended and accompanied each with an opinion. The failure of the amended bill to aver any lack of notice of the assessment proceedings to the owner was specifically noted in the first opinion rendered, and in the amendment which followed pursuant to the allowance of this decree there was no effort made to so aver. In rendering the second decree, from which this appeal is prosecuted, the chancellor noted, in his opinion, that "complainant has twice amended its bill in an effort to remedy the deficiencies pointed out by the demurrers, and * * * has not yet done so; * * * the bill is totally without equity, and cannot now be amended so as to give it equity."

The conclusion of the opinion is that "No good reason appears for unduly prolonging the litigation," and decree was then entered sustaining the demurrers and dismissing the bill.

It thus appears complainant was given ample opportunity with full notice of the essential requirements of averment, and the chancellor was therefore justified in the course pursued, and his action finds full support in Alabama Lime & Stone Co. v. Adams, 222 Ala. 538, 133 So. 580, 581, where it is observed: "The court is not willing to hold that a party complainant may by repeated amendments keep his case perpetually in court."

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.