198 So. 614

**SCHWARTZ v. McGOVERN.**

**2 Div. 160.**

Supreme Court of Alabama.

Nov. 14, 1940.

238

Keith & Wilkinson, of Selma, for appellant.

Wm. R. Rountree, Jr., of Selma, for appellee.

THOMAS, Justice.

The amended bill has for its purpose the removal of a cloud upon the title of appellee to certain lands specified and described in the bill of complaint, which cloud upon the title is alleged to have been caused by a deed from the State Land Commissioner to respondent.

The last amendment to the bill of complaint was in the following words: "And Complainant further avers that he is the owner and in possession of the aforesaid real property, and that Respondent claims or is reputed to claim some right, title or interest in or encumbrance upon said lands and does hereby call upon Respondent to set forth and specify his title, claim, interest, or encumbrance, as aforesaid, and how and by what instrument the same is derived and created; and Complainant further avers that no suit is pending to enforce or test the validity of such title, claim or encumbrance to or upon the said lands."

As amended the bill of complaint sought to remove the cloud on the title and all other matters indicated are incidental thereto. City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann.Cas.1915B, 746; Commonwealth Life Ins. Co. v. First Nat. Bank of Birmingham et al., 230 Ala. 257, 160 So. 260. See also Smythe v. City of Homewood, 236 Ala. 159, 181 So. 491; Watson v. Baker et al., 228 Ala. 652, 154 So. 788.

When the several provisions of the amended statute are examined, Gen.Acts 1935, §§ 261, 262, p. 366, it is apparent that they are without application, and do not provide for an adequate remedy at law under the facts stated in the present appeal.

The purpose of the bill by the owner in possession was to remove the cloud from the title to his lands, which was made the subject of his amended bill, and at the same time to ascertain and determine the amount due and required for the reimbursement to the said purchaser from the state for the taxes due by complainant and paid by purchaser to the state. National Fireproofing Corp. v. Hagler, 226 Ala. 104, 145 So. 421.

Under the description employed in the tax assessment on which the sale was rested,

extraneous evidence would be required in an action of ejectment to determine or define the exceptions of the smaller tracts of complainant [indicated as owned by Springle, Faulk and Executor, Schwartz and another small portion,] from the 35.5 acres in Section 7, Township 16, Range 11, Dallas County, that were assessed and sold and caused the cloud on the title by the tax agent's deed. Teal et al. v. Mixon, 233 Ala. 23, 169 So. 477.

There was no error in overruling demurrer to the bill as amended. The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and KNIGHT, JJ., concur.