(98 South. 883)

SWEENEY et al. v. SWEENEY. (I Div. 302.)

(Supreme Court of Alabama. Jan. 24, 1924.)

**I. Equity ⊙⇒214—Laches apparent on bill may be taken advantage of by demurrer, or by plea or answer.**

Where laches is apparent on the face of a bill, and circumstances obviating it do not appear, it may be taken advantage of by demurrer or by plea or answer.

**2. Equity ⊙⇒67—Relief denied where complainant guilty of laches.**

Where the defense of laches is available against a complainant, a court of equity will on that ground be passive and refuse relief.

**3. Executors and administrators ⊙⇒470—Bill for accounting by administratrix held to show laches.**

Where the administratrix of her husband's estate died more than 25 years after her appointment without having accounted for the moneys and property received by her, a bill against her administrator, seeking to require an accounting for the estate of her husband and a distribution to his heirs, *held* on its face to show laches; attendant circumstances alleged in the bill not excusing the delay.

**4. Executors and administrators ⊙⇒473, 474 (3)—Allegations held not to show excuse for delay in bringing suit for accounting by administratrix.**

Where an administratrix of her deceased husband's estate failed for more than 25 years preceding her death to account for moneys and property received, allegations in a bill against her administrator to enforce accounting by him that, although demands had been made of the administratrix for an accounting and settlement, she had always failed to make same, though admitting that equitable title to the property was in the heirs of her husband, *held* not to excuse delay in bringing the suit so as to avoid the defense of laches.

**5. Executors and administrators ⊙⇒470—Death of administratrix without being called to account more than 25 years after appointment held to preclude right to accounting.**

Where one entitled to share in the distribution of his father's estate failed for more than 25 years to bring an action for an accounting against his mother, the administratrix, his widow could not enforce an accounting by her administrator, her death having resulted in the loss of her personal knowledge of the affairs of the estate to such an extent that equity would not attempt an accounting.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Bill in equity by Lula E. Sweeney against Edward P. Sweeney and others. From a decree overruling demurrer to the bill, respondents appeal. Reversed and remanded.

Sullivan & Stallworth, of Mobile, for appellants.

The complainant is barred by laches, and no sufficient excuse for the delay is shown. Rives v. Morris, 108 Ala. 527, 18 South. 743; Salmon v. Wynn, 153 Ala. 538, 45 South. 133, 15 Ann. Cas. 478; Blackwell v. Blackwell, 33 Ala. 58, 70 Am. Dec. 570.

George A. Sossaman and Vernol R. Jansen, both of Mobile, for appellee.

The peculiar facts of each case must determine whether there was laches. Fowler v. Ala. I. & S. Co., 189 Ala. 31, 66 South. 672; Woodlawn Realty Co. v. Hawkins, 186 Ala. 234, 65 South. 183. To constitute laches, there must be unreasonable delay in asserting a right after denial by defendant. Waddail v. Vassar, 196 Ala. 184, 72 South. 14; Haney v. Legg, 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81; Walling v. Thomas, 133 Ala. 426, 31 South. 982.

SAYRE, J. Complainant (appellee) stated her case in the substituted bill filed by way of amendment. It is there shown that Patrick Sweeney died in 1896, leaving five children and a personal estate valued in round numbers at $8,000. In the same year Kate Sweeney, his widow, was appointed administratrix of his estate, and as such administratrix took possession. She died in May, 1921, without having settled the estate of her deceased husband, and without having accounted for the moneys and personal property received by her as administratrix. In June, 1921, Edward P., one of the Sweeney children, was appointed to administer her estate. Complainant is the widow of William M., another of the children, who died in April, 1921, intestate, and without descendants. This bill was filed in August, 1922, against Edward P., individually, and as administrator of Kate Sweeney, and the other children, Thomas A., Lillie Sweeney Gattel, and Mena Belle Sweeney Jackson. It avers that Kate converted a part of the moneys of the estate of Patrick into realty, which is described, taking title to herself individually, and that, "although demands have been made upon said Kate Sweeney by your oratrix and by William M. Sweeney at

various times, less than 20 years after the grant of letters of administration upon the estate of Patrick Sweeney, deceased, and less than 20 years prior to the filing of this bill of complaint, for an accounting of this said personal property and for a final settlement of this said estate, the said Kate Sweeney has always failed to make an accounting or final settlement of said estate, although admitting that the equitable title to said personal property was in the husband of your oratrix, together with the other children of Patrick Sweeney, deceased." The prayer is that the administration of the estate of Patrick Sweeney be removed into the circuit court, sitting in equity; that Edward P., as administrator of the estate of Kate, be brought to an accounting for the estate of Patrick; that the realty be decreed to be held in trust for the distributees of Patrick; and that it be sold for distribution. Demurrer to the bill on various grounds was overruled, and defendants have appealed.

Most seriously the bill is objected to on the ground that it shows on its face that complainant—meaning also, as we conceive, her deceased husband, in whose right she claims —has lost all right to the relief claimed, if ever there was any, by laches.

[1, 2] The objection on account of laches, if apparent on the face of the bill, and no attendant circumstances are stated which will obviate it may be taken by demurrer; otherwise by plea or answer. Lovelace v. Hutchinson, 106 Ala. 424, 17 South. 623; 10 R. C. L. p. 407, § 157. And if the case, as it appears at the hearing, is open to objection by reason of the laches of the complainant, the court will, upon that ground, be passive, and refuse relief. Sullivan v. Portland, etc., R. R. Co., 94 U. S. 811, 24 L. Ed. 324; Bell v. Hudson, 73 Cal. 285, 14 Pac. 791, 2 Am. St. Rep. 791, p. 808 of the note.

[3] As the statement of the case has shown, this bill was filed 26 years after letters had issued to Kate Sweeney authorizing her to administer the estate of her deceased husband. There is no reason to suppose that for more than 20 years, while yet Kate Sweeney was living, she might not have been brought to a settlement of the estate committed to her care. Thus on its face—pretermitting for the moment the excuse attempted—the bill shows laches. Rives v. Morris, 108 Ala. 527, 18 South. 743; Salmon v. Wynn, 153 Ala. 538, 45 South. 133, 15 Ann. Cas. 478.

[4] But complainant offers an excuse, as shown by our quotation from the bill, supra, and its sufficiency must be considered. The law makes some concession to intimate family relations, and delay may be excused where the party against whom it is pleaded has relied on the promises of the party pleading it. On the facts alleged in complainant's bill, the admissions of Kate Sweeney that "the equitable title to said personal property was in the husband of oratrix, together with the other children of Patrick Sweeney, deceased," quoted above, or that oratrix "was entitled, along with the children of Patrick Sweeney, deceased, to a child's share in this estate," as averred in another place—these admissions are of no compelling force, for the reason that, for aught appearing to the contrary, there may have been an interval of approximately 20 years, either after the grant of administration to Kate, or before her death, in which no such admissions were made; for the further reason that they promised no relief, said administratrix always failing, or, as averred in the original bill, refusing, to deliver property, or make a settlement, as the bill expressly concedes; and because such admissions, repeatedly made without effect in fact, so far from lulling complainant or her husband to inaction, should have stimulated them to an assertion of their claim in the court, if it was their intention at any time to insist upon it. Moreover, the admissions alleged were ambiguous in themselves. Nor were the demands made upon the administratrix of Patrick Sweeney of any particular significance, for, where no active steps are taken to enforce his rights, it will avail a party nothing that he constantly asserted them or made a continual claim thereto. 10 R. C. L. p. 402, § 149.

[5] But, if it should be conceded that, on account of the relation between the parties and the admissions referred to, without more, laches should not be charged to complainant in this bill, still another fact intervenes to fasten the charge upon her or her husband, in privity with whom she stands, and effectually to deny relief on that ground. Complainant's husband, one of the Sweeney children, died approximately 25 years after the grant of letters to his mother Kate, and though it be conceded that he might maintain this bill against his mother, were his mother, the administratrix, still in life, her death has put an entirely new aspect upon the situation as between the parties.

There is nothing new to be said on the subject of laches, and hardly do the alleged facts call for a new application of the principles connoted by the term, though every case, it is commonly said, must be determined on its peculiar facts. Here it appears that complainant's husband, though demanding his share of his father's estate "at various times" without result—and we concede of course that complainant may be able by competent evidence to prove the alleged demands and admissions—allowed 25 years to pass without resort to the court where his demands might have been made effectual. And then the accounting party dies, and with her, we may assume, all probability of correctly stating her account with the estate of her intestate or successfully denying her alleged

admissions. At least her personal knowledge of the affairs of the estate is lost to her administrator. This circumstance suffices to refute the equity of this bill, because, as this court quoted from Caruthers' Adm'r v. Lexington's Trustees, 12 Leigh (Va.) 619, "It will not answer" the plaintiff "to show a probable title to something. He must satisfy the court that it can extend relief without the hazard of doing injustice to the defendant." Two circumstances are always important in such cases, viz. the length of the delay, and any change thereby occasioned in the relations of the parties, as, for example, the loss of evidence or other proper means of defense by reason of the death of parties or witnesses. As the Supreme Court of the United States has stated the proposition:

"Where the difficulty of doing entire justice by reason of the death of the principal witness or witnesses, or from the original transactions having become obscured by time, is attributable to gross negligence or deliberate delay, a court of equity will not aid a party whose application is thus destitute of conscience, good faith, and reasonable diligence." Mackall v. Casilear, 137 U. S. 566, 11 Sup. Ct. 178, 34 L. Ed. 776.

The fact, if it be a fact, that complainant's husband for many years declined to enter into litigation with his mother on some idea of propriety, cannot now, in the changed situation brought about by her death, be allowed as a satisfactory explanation of the long delay on his part or on the part of his widow in bringing this suit, for now, after 25 years, the accounting party is dead, and with her certainly a large, if not exclusive, stock of information, without which the court cannot now settle the account with any reasonable expectation of doing justice to the defendant estate—a state of things which must be attributed to the fault of complainant's husband for not having himself prosecuted his claim during a long time in which the court would have had at hand the means of doing justice. As the case is—conceding for the argument that, as to parties, it is properly presented to the court—whatever may have been the motive, purpose, or reason, for the failure of complainant's husband to assert his rights in the proper forum, the fact is that for many years he allowed his claim to remain dormant to the great detriment of defendants in the matter of proof, as the event has shown, so that it cannot now be allowed without extreme risk of injustice. Our conclusion is that the bill is without equity. Rives v. Morris, and Salmon v. Wynn, supra, in both of which cases the considerations underlying correct decisions in closely analogous situations are convincingly stated with citation of numerous authorities.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.