(106 So. 192)

NASHVILLE, C. & ST. L. RY. v. TOWN OF
BOAZ et al. (8 Div. 778.)

(Supreme Court of Alabama. Nov. 5, 1925.)

1. Municipal corporations ⬡512(1)—Will not lie to annul assessment, where error reviewable on appeal.

Certiorari to quash and annul proceedings to assess plaintiff's property for cost of street improvement will not lie for errors and irregularities in assessment reviewable on appeal, but will lie only where assessment is void.

2. Municipal corporations ⬡425(1) — Authority to levy assessments against railroad for local assessments must be found in legislative act.

To justify assessments against railroad for street improvement, it is necessary that authority therefor be found in legislative act; municipal corporation possessing no inherent power to levy assessments for local improvements.

3. Municipal corporations ⬡529—Lien against part of railroad tracks crossing street held not enforceable, where imposed under assessment for street improvements.

Where portion of railroad diagonally crossing street was assessed for street improvement based on increased value of railroad property under Code 1923, § 2174, relating to improvements to abutting property owner, a lien fixed against such portion of railway right of way cannot be enforced; statute not applying to railroads, since track is not on abutting property assessable for special benefits.

4. Municipal corporations ⬡459—Assessment against railroad tracks crossing street held to be confined to statute fixing same at actual cost of improvement.

Assessment for street improvement against railroad crossing street diagonally is confined to Code 1923, § 2189, fixing same at actual cost of improvement, and claim that such statute has no application for reason that track crossed street diagonally and was not "on any street" within meaning of statute is without merit.

5. Municipal corporations ⬡459 — Statute assessing railroad tracks crossing street on basis of cost of improvement is proceeding in rem, differing from statute imposing personal obligation of railroad for improvements on basis of increased value of property; former statute being only one applicable.

Code 1923, § 2189, providing for assessment for street improvement against railroad tracks crossing street on basis of actual cost of improvement is separate and distinct from other provisions applicable to improvements of abutting property, it being proceeding in rem, where-

⸻

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

as section 2174, providing for assessments against abutting owner on basis of increased value of property, imposes a personal obligation against railroad secured by blanket lien on entire property, and, where former statute, the only one applicable to tracks crossing street, was not observed, assessment of railroad under later statute was void.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Proceeding by certiorari by the Nashville, Chattanooga & St. Louis Railway against the Town of Boaz and its officials to annul an improvement assessment. From a judgment denying relief, petitioner appeals. Transferred from the Court of Appeals under Code 1923; § 7326. Reversed and rendered.

Street & Bradford, of Guntersville, for appellant.

In a proceeding by a municipality to assess the cost of public improvements, the records and proceedings must affirmatively show substantial compliance with the statute. 28 Cyc. 1007. Common-law certiorari is the appropriate remedy here. City of Decatur v. Brock, 170 Ala. 149, 54 So. 209; Pierce v. Huntsville, 185 Ala. 490, 64 So. 301. Assessment against a portion of a railway right of way cannot be made. Decatur v. Sou. Ry., 183 Ala. 531, 62 So. 855, 48 L. R. A. (N. S.) 231; Id., 187 Ala. 364, 65 So. 536. A railway track crossing a street is on said street, within section 1374 of the Code. 25 A. & E. Ency. Law, 237; Hayes v. Douglas County, 92 Wis. 429, 65 N. W. 482, 31 L. R. A. 213, 53 Am. St. Rep. 926; Decatur v. Brock, supra.

Orr & Killcrease, of Albertville, for appellees.

Common-law certiorari cannot be made to answer in place of an appeal. 7 Mayfield's Dig. 127; Ex parte Allen, 166 Ala. 111, 52 So. 44; Code 1923, §§ 2204–2213. The question whether assessment can be made against appellant's property is not available in this proceeding. City of Decatur v. Brock, 170 Ala. 149, 54 So. 209. There is a distinction between assessing and selling the property. Decatur v. Sou. Ry., 183 Ala. 531, 62 So. 855, 48 L. R. A. (N. S.) 231.

GARDNER, J. [1] Appellant sought by common-law writ of certiorari to quash and annul certain proceedings of the town of Boaz to assess against the property of appellant certain cost of improving a street in said town. There was full answer made, and the record and proceedings sought to be annulled constituted an exhibit thereto. Upon consideration thereof, the trial court denied relief, and dismissed the petition, from which judgment petitioner has prosecuted this appeal.

"As a rule, common-law certiorari will not lie to bring up or review matters from an inferior to a superior tribunal when such matter is reviewable on appeal." City of Decatur v. Brock, 170 Ala. 149, 54 So. 209.

"But, if the assessment complained of is void, there would be nothing to support an appeal, and one taken from a void judgment or order would be dismissed. Therefore, if the order or assessment is void for any reason, it could not support an appeal, and the same would have to be dismissed by this court. Of course, in dismissing the appeal, it would be necessary to find and pronounce the order, judgment, or assessment void, but we would have no authority to vacate or quash same upon said appeal and the common-law certiorari would be the proper remedy to review the record and quash or vacate the judgment, order, or decree, if the record showed the same to be void." City of Decatur v. Brock, supra.

[2] The question presented on this appeal is whether or not the proceedings are void. Errors or irregularities reviewable by appeal would not justify the relief sought by this petition.

"Jurisdiction of the subject-matter is conferred by the statute. Jurisdiction of the property, and its owner in each case is prepared by the passage of preliminary resolutions or ordinances and by all those essential steps required to be taken prior to the time when the proceeding takes on a judicial aspect." Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746.

"Municipal corporations possess no inherent power to levy assessments for local improvements. There was no such power at the common law. In order, therefore, to justify such assessments, it is necessary that authority for them be found in legislative act." Birmingham v. Wills, supra.

[3] The assessment for paving against appellant railway is against that portion of the railway along Main street in the town of Boaz, where said railway crosses said street diagonally. The entire proceedings are based upon the provisions of the statute relating to improvements to abutting property owners. Section 2174 et seq., Code 1923. The assessment against appellant railway is expressly based upon the increased value of its property, and lien fixed against that portion of its right of way described in the proceedings. That there can be no enforcement of such a lien against a segment of the railway track was expressly held by this court in City of Decatur v. Southern R. Co., 183 Ala. 531, 62 So. 855, 48 L. R. A. (N. S.) 231; Id., 187 Ala. 364, 65 So. 536, and reaffirmed in the very recent case of Ala. City v. Ala. Power Co., ante, p. 644, 106 So. 39, present term.

In Ala. Traction Co. v. Selma Tr. & Savs. Bank (Ala. Sup.) 104 So. 517,[1] it was held that

©⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 269.

the general provisions of the statute for improvement assessment did not apply to railways, for such "railway track is not an abutting property assessable for special benefits thereto. The railway company has no abutting property in that sense."

[4] Such improvement assessment therefore was held to be confined to the provisions of section 2189, Code of 1923, fixing the same at the actual cost of such improvement between the tracks and the rails of the track, and, in case there are two or more tracks, the space between each track, and 18 inches on each side. It is not pretended this statute was observed, but on the contrary the insistence seems to be that it has no application, for the reason the railway track crossed the street diagonally, and was not "on any street" within the meaning of the statute. We see no merit in this insistence, but, even if so conceded, this would leave no statute applying whatever, in view of the holding in Ala. Traction Co. v. Selma Tr. & Savs. Bk., supra.

[5] This statute (section 2189) is separate and distinct from the other provisions applicable to improvements of abutting property; the latter being a proceeding in rem, while in the statute here in question "the paving cost is made a personal obligation of the railroad, secured by a blanket lien on its entire property." Ala. City v. Ala. Power Co., supra.

The two tax assessments are based upon entirely different principles, as disclosed by the opinion in Ala. Traction Co. v. Selma Tr. & Savs. Bk., supra.

In the proceedings here in question, therefore, the only statute applicable was not observed. The statutory provisions that were followed do not apply to railways. As to the railway company, therefore, it must be held that these assessment proceedings are void.

The judgment of the court below is reversed, and one here rendered, awarding the prayer of the petition.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

