FIRST NAT. BANK OF DOTHAN v. FOUNTAIN MOTOR CO. et al.

4 Div. 633.

Supreme Court of Alabama.

May 11, 1933.

Rehearing Denied June 22, 1933.

C. L. Rowe and M. A. Owen, both of El-
ba, and M. S. Carmichael, of Montgomery,
for appellees.

Steiner, Crum & Weil, of Montgomery, and
Farmer, Merrill & Farmer, of Dothan, for
appellant.

KNIGHT, Justice.

The First National Bank of Dothan, appellant, the purchaser and owner of certain improvement bonds, issued by the town of Elba, filed its bill in the circuit court of Coffee county to enforce the lien of an assessment fixed and levied by the proper authorities of that municipality against certain described property of appellees and others, which was located on Davis street.

The bill as originally filed did not set out copies of the ordinances under which the assessment was levied. However, the bill was subsequently amended by setting out the ordinances, and copies of the proceedings of the town council, which culminated in the making of the street improvements, and the levying of the assessment against the abutting properties.

The bill as amended avers that on the 1st day of October, 1927, the said town of Elba issued its 6 per cent. interest-bearing bonds, interest payable semiannually, "to carry and cover" the assessments made for the improvements, in the aggregate sum of $19,437.57; that the appellant is the owner of the bonds; that the amount assessed against the abutting property of appellees is $278.39, no part of which has been paid; and that a large part of the assessment is past due.

All the proceedings of the town council, which are necessary to a proper determination of the case on demurrer are incorporated in the bill, by way of exhibits.

■■ Many grounds of demurrer were assigned to the bill as amended, but were all addressed to the bill as a whole. The court, on submission, entered a decree, ordering, adjudging and decreeing "that the assignments of demurrer, made by respondents, 'that the bill is without equity' are well made and are each separately and severally sustained."

It is here earnestly insisted by appellees that a demurrer is "an entity in pleading, and its grounds are but reasons why the major premise of the demurrer should be made effective," and, if any ground of demurrer is well taken, a reversal of a judgment sustaining the demurrer cannot be had, notwithstanding the chancellor's ruling is predicated upon a ground that may not be well taken. In support of appellees' contention we are referred to the cases of Steiner v. Parker, 108 Ala. 357, 19 So. 386, and Patten v. Swope, 204 Ala. 169, 85 So. 513.

The insistence of appellant is that, inasmuch as the decree sustains the demurrer to the bill on the sole ground that "the bill is without equity," and having thus confined its effect, only grounds of demurrer attacking the sufficiency of the bill as a whole will be considered on this appeal. In support of appellant's contention we are referred in brief to the cases of Penton v. Brown-Crumner Inv. Co., 222 Ala. 155, 131 So. 14; Oden v. King, 216 Ala. 504, 113 So. 609.

In the case of Sandlin et al. v. Anders et al., 210 Ala. 396, 98 So. 299, 303, the grounds of demurrer assigned included the general demurrer, and other grounds directed to the bill as a whole, as well as grounds directed to separate parts of the bill. The trial court sustained the general demurrer, and decreed there was no equity in the bill, and dismissed it as to the respondents whose demurrer was sustained. On rehearing here, this court held:

"A decree sustaining a demurrer to a part of a bill, has the effect of striking that part. The complainant may thereupon so amend the part stricken as to give the bill equity in that regard, or he may by express amendment, eliminate the portion stricken by demurrer, or, if the bill still contains equity, may proceed thereon without amendment as if the defective feature had been stricken on motion. [Abrams v. Abrams, 225 Ala. 622, 144 So. 828.] Pollak v. Stouts Mountain C. & C. Co., 184 Ala. 331, 63 So. 531; 21 C. J. 452.

"Where, as in this case, the decree expressly sustains the general demurrer going to the equity of the bill as a whole, and dismisses the same as to the demurrants, no reference being made in the decree to the grounds of demurrer going to parts of the bill, it must be taken that the trial court did not consider nor pass thereon. They are not here presented for review."

To the same effect is the holding of this court in the case of Hunter-Benn & Co. v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348.

It was not the purpose of this court in the Sandlin Case, supra, nor in the Hunter-Benn Co. Case, supra, to hold that we would only consider the general demurrer attacking the bill, and not other grounds of demurrer going to the bill as a whole, in cases where there was a general demurrer as well as other grounds addressed to the bill as a whole, simply for the reason that the trial court saw proper to predicate his holding upon one designated ground of demurrer to

the whole bill. The rule announced by this court in the above cases was that the court would confine its consideration to those grounds of demurrer which were addressed to the bill as a whole. If any ground of demurrer addressed to the bill as a whole was good, the trial court would be upheld in sustaining the demurrer, notwithstanding the fact that the court may have predicated its ruling upon a ground not well taken. To this extent counsel for appellee is sustained by the previous rulings of this court. Steiner v. Parker, supra; Patten v. Swope, supra. We are therefore at liberty to consider all grounds of demurrer, which were assigned to the bill as a whole.

The initial or preliminary ordinance adopted by the town council of the town of Elba on January 24, 1927, seems to comply fully with the statute law on the subject, and at the same time it fully observes the mandate of the Constitution, § 223, in limiting the assessments against the property to special benefits derived from the improvements. The ordinance expressly provides: "That the cost of construction, making and providing the improvements aforesaid shall be assessed against the abutting property according to frontage, one-half to each side of the street, avenue or highway so improved, in the manner provided by law in such cases; and the costs of that part of the crossings or intersections shall be distributed on said abutting property for a distance of half a block each way, as provided by law; provided, however, that no assessment shall be made on any piece or [of] property in excess of the enhanced value of the same by reason of the special benefits derived from such improvement."

Then follows a provision, as to Simmons street, that the cost of that part of the improvement shall be credited or reduced by whatever sum the state highway department may contribute to it.

Section 5 of the ordinance provided: "That the town council of the Town of Elba will meet on the first day of March, 1927, at 6:30 P. M. at the council chamber of said Town to hear and consider any and all objections, protests and remonstrances which may be made against said improvements, the manner of making or paying for the same or the materials to be used therein; and that notice of the ordinance of said meeting be given as provided by law."

■ It appears from the certificate of the clerk of the town of Elba that the said ordinance was published and appeared in the Elba Clipper, a weekly newspaper published in the town of Elba, Ala., on the 10th day and the 17th day of February, 1927. It nowhere appears that a copy of said ordinance was sent by registered mail, postage prepaid, to the persons last assessing for city or town taxation the property which might be assessed for said improvements at their last-known addresses.

In the case of City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, 177, this court held that "The preliminary notice, and all those other steps preliminary to the notice of the assessment and the assessment itself, * * * are provisions of legislative grace. Being written in the statute, they must be observed or the property owner may at the final hearing have the benefit of the omission of such of them as may be considered essential where there has been no waiver. But their omission may be waived. 'A party may waive a rule of law or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved, and, having once done so, he cannot subsequently invoke its protection.' "

The failure to send copies of the original notice by registered mail to the property owners abutting the streets to be improved, and who would be affected thereby, was not a jurisdictional matter, as the proceedings up to that time had not assumed a judicial aspect. Being a matter of legislative grace, the failure to send copies of the ordinance by registered mail to abutting property owners could be, and was, in fact, waived by such property owners who did not insist upon an abatement of the proceedings on account of such failure. N. C. & St. L. Rwy. Co. v. Town of Boaz, 226 Ala. 441, 147 So. 195; City of Birmingham v. Wills, supra; City of Mobile v. Smith, 223 Ala. 480, 136 So. 851.

It appears from the bill as amended that the town council of the town of Elba met at the council chamber, in the town of Elba, on March 1, 1927, pursuant to the provisions of the ordinance adopted on January 24, 1927, and pursuant to the notice of said meeting, as contained in said ordinance, and which was published in the Elba Clipper, a weekly newspaper published in the town of Elba on the 10th and 17th days of February, 1927. The purpose of the meeting was to hear and consider any and all objections, protests, and remonstrances which might be made against the improvements provided for in the preliminary ordinance of January 24, 1927, etc. No objections, protests, or remonstrances were made by the appellees, or by any one else at that meeting against the making of said improvements.

At this meeting the council adopted a grade ordinance. And a resolution was also adopted ratifying and confirming the preliminary ordinance of January 24, 1927, and directing and ordering the improvements specified in said preliminary ordinance should be made, and directing the town clerk to advertise for bids, etc. The bill shows that this resolution or ordinance was duly published in the

same newspaper on the 3d day and 10th day of March, 1927.

In the proceedings of the town council there appears a certificate of the town clerk, certifying that the assessment book and assessment roll for the improvement on the streets set out in the ordinances of January 24, 1927, and March 1, 1927, showing names of the property owners, and opposite each name a description of each lot or parcel of land, proposed to be assessed for the improvements, and the amount proposed to be assessed against each lot or parcel of land, and belonging to such owner or owners, had been delivered to him as clerk of the town of Elba, Ala., previous to the 9th day of June, 1927, and that he did cause notice as to assessment books and assessment roll to property owners to be published, and the same was published and did appear in the Elba Clipper, a newspaper published in Elba, Ala., in its issue of June 9, 1927.

The notice as to the assessment books and assessment rolls appears in the record of the proceedings of the municipal board, and the same seems to substantially comply with the terms of the statute. Section 2194.

This notice also gave information to the property owners that the town council would meet on the 30th day of June, 1927, at 7:30 p. m., at the council chamber, in Elba, Ala., to hear and determine any objections, protests, or defenses that may be filed to such proposed improvements or the amount thereof, or the amount of the proposed assessments.

At the meeting held on June 30, 1927, it was made known to the council "by the engineer, employed for the purpose of engineering and supervising the said work, that he had not yet completed his work or some detail, but the assessment roll was on file, and was not ready to go into detail as to the work done; and the council being desirous of having said engineer present when the above matters were gone into, and to give said engineer time in which to protest any objections, if any," the council adjourned until the next regular meeting of the same to be held on July 4, 1927, to which time said matters of making the assessments final were postponed.

There were successive adjournments until July 26, 1927, when, by ordinance, the objections of all parties protesting were overruled. And, after reciting that certain named parties, the appellees not included in the list, had appeared and filed written objections to each respective assessment against the property which they claim to own on the streets improved, the ordinance then proceeds: "The town council proceeds to ascertain that the respective property against which assessment has been made as shown by the assessment roll, on file in the office of the town clerk, has been increased in value

in an amount greater than the respective assessment on the above named streets." The ordinance, after overruling the objections to the assessment, then further proceeds: "Be it further ordained by the town council of Elba, Alabama, that the assessment roll, as prepared and filed in the office of the town clerk, of the above named streets for construction of street paving, curbs and gutters and storm sewers, etc., be and the same is hereby in all things fixed as assessments against each of said parcels of property as shown on said assessment roll on file in the office of the town clerk; and a lien is hereby created and levied against all parcels or lots of land between the terminus points on the above and foregoing streets for the amounts of said assessment respectively, superior to all other liens, except for state and county tax." This ordinance was duly published in the Elba Clipper.

Thereafter the town council, apprehending that the failure to send to the parties, who appeared and objected to the proceedings, notice by registered mail, as required by section 2178 of the Code, would constitute a defect in the proceeding as to such objecting parties, undertook and did cure the defect by supplementary proceedings as provided for in section 2195 of the Code. These proceedings appear to be regular in all respects.

In view of the fact that many objections are raised by appellees as to the regularity and legality of the proceedings of the town council which culminated in the issuance and sale of the bonds to appellant, we have deemed it proper to go more at length into a statement of the record facts than we would ordinarily have done. The importance of the case would seem to justify us in so doing.

In our recent case of N., C. & St. L. Ry. Co. v. Town of Boaz, 226 Ala. 441, 147 So. 195, 197, this court said:

"Jurisdiction of the subject-matter—providing for and making the local improvement —is conferred on the municipal board by the statute. Code 1923, section 2174; City of Birmingham v. Wills, supra.

"Jurisdiction of the res must be acquired by the proceedings, and the steps essential to this element of jurisdiction which must appear on the face of the record of the proceedings of the municipal board are: (1) The adoption of an ordinance providing for the improvement, in substantial compliance with section 2176 of the Code of 1923 (as amended by Gen. Acts 1927, p. 756), and section 223 of the Constitution, limiting the assessment against the abutting property to special benefits to the property resulting from the improvement. City of Decatur v. Brock, 170 Ala. 149, 54 So. 209. (2) The minutes of the board should evidence the fact of the preparation of a 'Roll or list of own-

ers; lots or parcels of property assessed against' (the roll itself need not appear in the minutes), as required by sections 2190, 2191 of the Code (as amended by Gen. Acts 1927, p. 764), and the delivery thereof to the city clerk at least twenty days before the final meeting fixed by the board for hearing the objections of the individual property owners to the assessments made against their respective properties (sections 2190, 2191, 2192, Code); and (3), that notice was given by the clerk by publication in a newspaper of general circulation published in said municipality, that said assessment roll or list has been delivered to him, and is open for inspection in the office of the person authorized to make collection of said assessments. Section 2192, Code of 1923 (as amended by Gen. Acts 1927, p. 764). This much is necessary to show due process in compliance with constitutional requirements. City of Birmingham v. Wills, supra; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; City of Jasper v. Sanders [226 Ala. 84] 145 So. 827."

It is not required that the published notice must be set out in the record of the proceedings, but only that the board shall ascertain that those steps were taken, and a recital thereof in the proceedings must appear. This fact, the final ordinance recites, the board duly ascertained.

■ With these settled principles of law before us for our guide, a survey and consideration of the proceedings of the town council of the town of Elba, as disclosed by the bill, demonstrate that the assessment against appellees' property was made pursuant to statutory authority, and in strict observance of the limitations of section 223 of the Constitution, unless the final order fixing the assessment was rendered void by its failure to recite that the assessment fixed was not "in excess of the increased value of such property by reason of the special benefits derived from such improvements."

It must be remembered that the first or preliminary ordinance adopted by the municipal board expressly provided "that no assessment shall be made on any piece or (of) property in excess of the enhanced value of the same by reason of the special benefits derived from the improvement."

In the case of City of Decatur v. Brock, supra, this court held that the act gave jurisdiction and the ordinances showed an exercise of the same, and recited the jurisdictional fact, and the failure of the assessment to recite that the levy did not exceed the value of the benefits did not render the same void, as the ordinances, which showed the acquirement of jurisdiction of the rem, could be looked to in connection with the assessment.

We do not think there is anything said or held in the cases of Tuscaloosa v. Hill, 194 Ala. 559, 69 So. 598; Huntsville v. Gudenrath, 194 Ala. 568, 69 So. 629; Board of Commissioners v. Moore, 214 Ala. 525, 108 So. 568, that conflicts in the least with the holding in the Brock Case, supra, on the point now under consideration.

Nor are we impressed with the force of the argument that it affirmatively appears that the municipal board adopted a method of apportionment of the cost of the improvement different from that fixed and provided by the original ordinance, or different from that fixed by section 223 of the Constitution.

■■ Reading the preliminary ordinances and the assessment ordinance together, as we have a right to do, we are of the opinion that the municipal board, in fixing the assessment against the properties, was fully cognizant of the constitutional mandate, and that the assessments were levied in amounts which, in the judgment of the board, did not exceed in value the special benefits derived from the improvements, and that such was the purpose and effect of the assessment when considered in the light of the two ordinances.

■ Nor is there any merit, in our opinion, in the contention that notice of the several adjournments of the council should have been given to appellees. The appellees had been given notice, pursuant to statute of the meeting of the board to hear objections and to fix assessments, and these adjournments were taken in open hearing, and bound the appellees. Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448.

■ It is also insisted that, inasmuch as the municipal board in its ordinances undertook to provide for the improvement of several streets in the same proceedings, and, as to Simmons street, included in the same proceedings, it was proposed to assess one-half of the cost of the construction, less whatever amount the state highway department of Alabama might contribute thereto, and only the balance should be assessed against the abutting property, that "this scheme amounted to an unlawful discrimination against property owners on all other streets, and was a fraud on their rights." Appellees cite no authority in support of their proposition. We do not agree with appellees' counsel in this contention. We do not think such a contention tenable.

We have carefully considered all questions raised by appellees against the validity of the ordinances in question, and the validity of the bonds issued thereunder, and are at the conclusion that the bill was not subject to any ground of demurrer directed thereto. The court erred in sustaining appellees' demurrer. It should have been overruled. A

decree will be here rendered overruling the demurrer, and remanding the cause.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.