155 So. 536

## NASHVILLE, C. & ST. L. RY. CO. v. TOWN OF BOAZ et al.

8 Div. 536.

Supreme Court of Alabama,
June 7, 1934.

Rehearing Denied June 28, 1934.

Street & Bradford, of Guntersville, for appellant.

H. G. Bailey, of Boaz, for appellees.

BROWN, Justice.

On a former appeal, Nashville, C. & St. L. Ry. Co. v. Town of Boaz et al., 226 Ala. 441, 147 So. 195, 197, "The external regularity of the proceedings, relating to the adoption of the ordinance fixing the grade of. Mill street, and the ordinance providing for the improvement," was affirmed, but the judg-

156

ment of the circuit court affirming the proceedings in their entirety was reversed because the minutes of the board in respect to the meetings held on October 8, 1929, and October 31, 1929, were lacking in necessary recitals as to the making and filing of the roll of assessments and the notice thereof.

After remandment of the cause, the municipal board proceeded to retrace their steps and corrected the error in the proceedings pointed out on the former appeal and filed a supplemental return of the corrected proceedings in the circuit court. This return was recognized by the circuit court, and the court over the objection of the appellant affirmed the entire proceedings.

In Pierce v. City of Huntsville, 185 Ala. 490, 496, 64 So. 301, 303, it was observed: "We do not appreciate the necessity for a formal rescission of so much of a record as appears on its face to be infected with fatal fundamental error, nor do we see the necessity or occasion in such case of carrying the process of rehabilitation back further than the specific error appearing. There is no reason why steps properly taken previous to the error should be retraced. The integrity of the proceeding, the completeness of the record, due process according to the provision of the statute, and all the rights of property owners, may be preserved in the manner of procedure adopted in this case."

In response to the notice given in the supplementary proceedings, the appellant appeared, filed numerous objections, pointing out therein numerous alleged irregularities, not amounting to "fundamental errors"—failure of the proceedings to show jurisdiction of the res—and now insists that by so appearing and objecting it avoided statutory estoppel and is in a more favorable position than it was on the former appeal. The answer to this contention is that such objections are without avail in a proceeding by common-law certiorari to quash the proceedings. As to such irregularities the property owner must seek relief by appeal from the judgment of the board to the circuit court. Nashville, C. & St. L. Ry. Co. v. Town of Boaz et al., supra; Pierce v. City of Huntsville, supra; Garner v. City of Anniston, 178 Ala. 430, 59 So. 654.

We find no reversible error in the record and proceedings of the circuit court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.