167 So. 247

**WALTON v. CITY OF MOBILE.**

**BURNS v. SAME.**

I Div. 865, 866.

Supreme Court of Alabama.

March 19, 1936.

Rehearing Denied April 23, 1936.

Harry T. Smith & Caffey, of Mobile, for appellants.

Harry Seale and Smith & Johnston, all of Mobile, for appellee.

BROWN, Justice.

The appellants, Walton and Burns, filed separate bills, under the provisions of section 9905 of the Code 1923, seeking to have, as appellants characterize them, the "so-called" proceedings by the commissioners of the city of Mobile in respect to "Paving Venture Number Twenty-Six" declared void and canceled as a cloud on their respective titles.

The city filed answers in each of said causes, which it prayed to be taken and considered as its cross-bill, seeking to enforce the alleged liens arising from the assessments made in said proceedings against the respective properties, and complainants each answered, alleging that said proceedings were void "for jurisdictional and fundamental insufficiencies."

By agreement of the parties, the two cases were tried at the same time and on the same evidence, resulting in the dismissal of said original bills and the granting of relief to the city under its cross-bills.

The two cases are submitted here, by agreement of the parties, on the same record on separate assignments of error.

In Burns' case the property is situated at the intersection of two streets, one of which is within the paving venture, while the other is not. He filed no objections to the proceedings before the city commission.

The property of Walton is situated in the middle of the block. Walton filed objections before the commissioners, but did not appeal from the order of the board overruling his objections.

These differences in the two cases are without influence here, as the rules of law applicable are identical.

The property owner, in cases of such local improvement assessments, has three remedies open to him. The first and fullest remedy is by objections and appeal in which he may present fundamental or jurisdictional objections, as well as objections going to the regularity of the proceeding. City of Hartselle v. Culver, 216 Ala. 668, 114 So. 58; Nashville, C. & St. L. Ry. Co. v. Town of Boaz et al., 229 Ala. 155, 155 So. 536.

He may by common-law certiorari question the external validity of the proceedings, and, if it appears on the face of the proceedings that the board was not given jurisdiction of the subject-matter by statute, or that it did not acquire jurisdiction of the res by the passage of a preliminary ordinance providing for the improvement (section 2176, Code, as amended by Gen.Acts 1927, p. 756, § 5), he may have the proceedings quashed. City of Decatur v. Brock, 170 Ala. 149, 54 So. 209; Nashville, C. & St. L. Ry. v. Town of Boaz et al., 213 Ala. 667, 106 So. 192. If, on the face of the proceedings, it appears that the board had jurisdiction of the subject-

204

matter and had acquired jurisdiction of the res in the manner provided by statute, then on certiorari the inquiry ends. Nashville, C. & St. L. Ry. Co. v. Town of Boaz et al., 226 Ala. 441, 147 So. 195; Nashville, C. & St. L. Ry. v. Town of Boaz et al., 213 Ala. 667, 106 So. 192.

He may make a direct attack by bill in equity, as is done here, and, if jurisdiction of the subject-matter is not conferred on the board by statute, because of the character and use of the property, or because of failure to make and file the roll or list as required by section 2191, Code 1923, as amended by Gen.Acts 1927, p. 764, § 20 and such infirmity does not appear on the face of the proceedings, he may restrain or defeat the enforcement of a supposed lien arising from such attempted assessment. Such infirmity is the subject of averment and proof by evidence extrinsic of the record, showing the character and use of the property or that such roll or list was not made and filed within the time and as required by the statute. Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; City of Jasper et al. v. Sanders, 226 Ala. 84, 145 So. 827; City of Birmingham et al. v. Seaboard Air Line Ry. Co., 227 Ala. 77, 148 So. 425.

If, however, the property owner, with notice or knowledge of the proceedings, remains inactive until the rights of third parties intervene, a court of equity will not interfere. Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; Oxford et al. v. Estes et al., 229 Ala. 606, 158 So. 534; Courson et al. v. Tollison, 226 Ala. 530, 147 So. 635; Sweeney et al. v. Sweeney, 210 Ala. 593, 98 So. 883; Meeks et al. v. Miller et al., 214 Ala. 684, 108 So. 864; Hamilton v. Watson, 215 Ala. 550, 112 So. 115.

Appellants conceded in argument at the bar and in brief that "only jurisdictional and fundamental insufficiencies" in the proceedings of the municipal board can be availed of to entitle them to relief. There seems to be, however, a difference of opinion as to what constitutes such jurisdictional and fundamental defects.

The foregoing statement as to the right of the property owner to impeach the proceedings by common-law certiorari and by bill in equity indicates what is regarded as jurisdictional and fundamental defects, as pointed out in the many decisions of this court. City of Decatur v. Brock, 170 Ala. 149, 54 So. 209; Pierce v. City of Hunts-

ville, 185 Ala. 490, 64 So. 301; Nashville, C. & St. L. Ry. Co. v. Town of Boaz et al., 226 Ala. 441, 147 So. 195; Byars et al. v. Town of Boaz et al., 229 Ala. 22, 155 So. 383; First Nat. Bank of Dothan v. Fountain Motor Co. et al., 227 Ala. 133, 148 So. 817; City of Birmingham et al. v. Seaboard Air Line Ry. Co., 227 Ala. 77, 148 So. 425.

Many of the points made by the appellants clearly do not fall within the category of "jurisdictional and fundamental insufficiencies"; therefore, without undertaking to follow the order in which they are treated in brief of appellants, we will consider those that we regard as appellants' major contentions.

It is insisted that there is nothing in the proceedings of the board of commissioners showing that the board "judicially" ascertained that the assessments made against the properties of appellants did not exceed the increased value of the properties by reason of the special benefits derived from such improvements.

The first fundamental and jurisdictional step in such proceeding is the adoption of the ordinance or resolution provided for in section 2176 of the Code, as amended by Gen.Acts 1927, p. 756, § 5, "describing the nature and extent of the work, the general character of the materials to be used and the location and terminal point thereof, and the streets, avenues, alleys or other highways, or parts thereof," etc. Such ordinance was adopted in respect to the venture under consideration, and in such ordinance it is declared that the cost of said improvements "shall be assessed against the abutting properties on each such street and avenue or portion thereof, respectively, *so far as said cost is chargeable against said abutting properties.*" (Italics supplied.)

While the italicized language might have been more specific, it is, when construed along with the final ordinance, passed by the board of commissioners, after hearing and passing on such objections as were filed, including the objections of appellant Walton, going to the point that the preliminary assessment exceeded the increased value of his property by reason of the special benefits resulting from said improvements, sufficient as showing that the board of commissioners were proceeding in accordance with the limitations of section 223 of the Constitution and section 2185 of the Code 1923, as amended by Gen.Acts 1927, p. 761, § 14. First Nat. Bank of

Dothan v. Fountain Motor Co. et al., 227 Ala. 133, 148 So. 817; City of Mobile v. Smith, 223 Ala. 480, 136 So. 851; City of Decatur v. Brock, 170 Ala. 149, 54 So. 209.

■ "The validity of official acts and the regularity of official proceedings are always to be presumed." City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, 175, Ann.Cas.1915B, 746. "If an assessment is made against the property it necessarily involved a finding that the property had been benefited and not damaged." Ex parte Gudenrath (City of Huntsville v. Gudenrath), 194 Ala. 568, 69 So. 629.

But it is insisted that the testimony of Commissioner Bates, *"The only surviving member of the Commission,"* "reveals the fact that the Commissioners of the City of Mobile never took any action looking toward such a judicial ascertainment at any meetings; it passed no resolution or ordinance dealing with this subject and, in fact, deliberately undertook to enforce and is now praying that this Court enforce assessments in the making of which the Commissioners have never undertaken to inquire what was the real cost of the improvement or what, if any, benefits accrued to the respective taxpayers from this improvement." (Italics supplied.)

■ If it should be conceded that the oral testimony of such surviving commissioner sustains this contention, the answer to it is that the legislative intent evinced by the statute authorizing such proceeding, especially section 2196, as amended by Gen. Acts 1927, p. 765, § 25, was to preclude any such contention unless initiated by objection before the governing board before such assessments were made final. Day v. City of Montgomery, 207 Ala. 644, 93 So. 609; City of Birmingham v. Wills, supra.

■ The substance of the testimony referred to is that, after the commissioners had been engaged for several weeks in hearing objections by property owners in regular and adjourned meetings, the city attorney was instructed to draft a resolution making final the assessments based upon figures furnished him by the city engineer; that it was the understanding of the witness that the law charged the engineer with the duty of making up the assessments, in the first instance. He, the engineer, prepared the assessments as directed, and, after having hearings, the commissioners determined the changes in the assessments which should be made, and instructed the city engineer to make the changes in accordance with the instructions and to furnish the information to the city attorney. This was done in a conference of the commissioners, but not at a formal meeting. Whether these instructions were issued by all the commissioners, or by the head of a particular department, the witness did not remember; that said action does not appear by resolution on the minutes, so far as the witness knew. We are not of the opinion that this testimony in any respect rebuts the presumption of the regularity of the official acts of the board of commissioners, as expressed in the final resolution of the board making the assessments final.

There was nothing fundamentally wrong or even irregular (except the irregularity hereafter treated) in the preparation of the "roll or list of owners" and "lots or parcels of the property assessed against" by the city engineer. This is a ministerial act which may be performed by any competent person at the direction of the mayor. Code 1923, § 2190, as amended by Gen.Acts 1927, p. 764, § 19.

That such roll or list was made and filed with the clerk of the city, and notice given, is not disputed.

■ In making up the roll or list of owners and the amount of the proposed assessment, required by section 2190 of the Code, the city engineer did not, as to some of the entries, observe the requirement of the statute that each lot or parcel should be separately listed. On September 15, 1931, a day to which the hearing of objections had been continued, the roll was amended so as to list each lot separately, and publication was made giving notice to property owners affected by such amendment. The appellants insist that this was but the voluntary act of the city engineer, and wholly without authority of law, and hence void. This contention is not sustained by the record. The final resolution of the board of commissioners recites: "Whereas, it was determined to be necessary to amend said assessment roll and assessment books for local improvements in Improvement Venture No. 26, so that certain lands assessed in bulk should be assessed separately as to each lot, which amendment was duly made, and on, to-wit, September 16th, 1931, in compliance with the resolution duly passed,

the Clerk of the City of Mobile gave notice by publication one time, to-wit, in the issue of September 16th, 1931, of the Mobile Press, a newspaper of general circulation in the City of Mobile, that said assessment roll and assessment books had been so amended and appointing 12 o'clock midday on Tuesday, October 6th, 1931, in the Council Chamber of the City Hall in Mobile, Alabama, as the time when and place where the Board of Commissioners of the City of Mobile would meet to hear and determine any and all objections or defenses that might be filed to said assessments against said lots," etc.

This defect in the assessment roll was nothing more than an irregularity, and it was within the power and competency of the board to permit and cause it to be corrected. Peoples v. State Security Bank, 218 Ala. 534, 119 So. 226; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 161, 162, 131 So. 14, 19, paragraph 17, opinion of the court by Foster, J.

■ It is further insisted that the time of hearing specified in said notice was "less than twenty days from the date of publication" (Code 1923, § 2193, as amended by Gen.Acts 1927, p. 764, § 22), and therefore appellants were denied due process of law. There is nothing of merit in this contention. In Thrower v. Brandon, 89 Ala. 406, 407, 7 So. 442, this court, speaking to such contention in respect to a suit at law, observed: "In determining whether service of summons has been perfected. 20 days previous to the return-term, the first day of the term is the last day of the period limited; and if, by including this day, as required by section 11 of the Code, 20 days have elapsed after the day of service, the case stands for trial at that term." Excluding September 16th from the computation, there were 14 days in September, and, including the 6th of October, the parties had 20 days' notice.

■ Moreover, the jurisdiction over the res having been perfected by the making and filing of the assessment roll and the publication previously made as to the date of hearing, it was permissible for the board to amend the assessment roll and proceed without further notice.

■ The question of dropping from the venture one or more items of the proposed improvement was a matter of policy, which in no way affected the rights of appellants. Pierce v. City of Huntsville, supra.

The record and proceedings of the circuit court appear to be free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.