169 So. 706

### CHENAULT v. CITY OF RUSSELLVILLE.

8 Div. 660.

Supreme Court of Alabama.

April 23, 1936.

Rehearing Denied Oct. 8, 1936.

Travis Williams and Wm. L. Chenault, both of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

KNIGHT, Justice.

The city of Russellville, Ala., undertook to improve certain of its streets under the provisions of section 2174 et seq. of the Code; and to cause the cost and expense of the improvements to be assessed against the abutting property to the extent of the increased value of such property by reason of the special benefits derived from such improvements. To that end ordinances and resolutions were passed and adopted.

After the work of improving the street upon which appellant's property abutted had been completed, and the city had accepted the same, and the assessment roll had been prepared and delivered to the city clerk, that official gave due notice thereof as required by section 2192 of the Code. This notice was published in the Franklin County Times, a weekly newspaper published in Russellville, Franklin county, Ala., in general circulation in Russellville, in its issue of November 22, 1928.

Following the giving of this notice, the appellant appeared, and filed with the city clerk his "protest, objection and defenses."

Thereafter, at a meeting of the city council held on December 11, 1928, pursuant to the published notice, the city council of Russellville, by resolution, approved the assessment rolls and lists, and overruled

**62**

the objections and protest of the appellant, and all others, against the proposed assessments, and in the same resolution proceeded to fix the amount of the assessment against each lot or tract of land described in the assessment roll.

From the assessment made and entered against the property of the appellant, the appellant, aggrieved by the decision of the council in fixing the assessment against his property, within the time allowed by law, prosecuted an appeal from "the assessment against him and his property" to the Franklin county law and equity court.

The appeal bond was approved on December 29, 1928, and, while said cause was still pending in the Franklin county law and equity court, the appellant filed a motion in the cause for the transfer of the same from the "law side of the court to the equity side of the court." This motion was made and filed in the cause on May 27, 1933.

On this motion to transfer the cause, the court on May 29, 1933, entered an order 'transferring the cause to the equity side of the court.

On June 22, 1933, the appellant filed his bill of complaint in the cause. To this bill the city of Russellville filed numerous grounds of demurrer. This demurrer was heard by the court and sustained, and the bill was dismissed, and the cause was restored to the law docket of the court.

The case was tried by the court, without a jury, and a judgment was rendered fixing the assessment against appellant's property known as "The Alpha Walker Homestead" at $4,000, and fixing the assessment against appellant's property known as "The Bullock Place" at $250. This was less than the assessment fixed by the city council of Russellville.

By the judgment of the court a lien was declared upon each piece of said property to the amount of the assessment fixed by the court, and ordering the property sold "separately for the satisfaction of the said judgment of assessments respectively as so adjudged by the court, with interest lawfully accruing thereon after thirty days from this date and for the costs of court incident to such sale, and that a venditioni exponas or other proper process issue accordingly for the enforcement of said liens respectively, if same be not paid and satisfied within thirty days from this date."

It is first insisted here that the court committed error to reversal in sustaining the demurrer of the city of Russellville and "in returning the case to the law side of the docket."

We do not deem it necessary or profitable to enter upon a discussion as to whether there was or was not equity in appellant's bill filed in the cause after its removal to the equity side of the docket, for we are clear to the conclusion that, if the court committed error in sustaining the city's demurrer to this bill, and in re-transferring the case to the law side of the docket, this action of the court involved no injury to the appellant.

In our recent case of Walton v. City of Mobile, 232 Ala. 200, 167 So. 247, the observation is made that the property owner, in cases of local assessments, has three remedies open to him.

In the above-cited case it is held: "The first and fullest remedy is by objections and appeal in which he [property owner] may present fundamental or jurisdictional objections, as well as objections going to the regularity of the proceeding." City of Hartselle v. Culver, 216 Ala. 668, 114 So. 58; Nashville, Chattanooga & St. Louis R. Co. v. Town of Boaz et al., 229 Ala. 155, 155 So. 536.

The property owner may by bill in equity attack the proceedings if jurisdiction of the subject-matter is not conferred on the board by statute, because of the character and use of the property, or because of failure to make and file the roll or list as required by section 2191 of the Code of 1923, and such infirmity does not appear on the face of the proceedings. Such latent infirmity is the subject of averment and proof by evidence "extrinsic of the record, showing the character and use of the property or that such roll or list was not made and filed within the time and as required by the statute." Walton v. City of Mobile, supra; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; City of Jasper et al. v. Sanders, 226 Ala. 84, 145 So. 827; City of Birmingham et al. v. Seaboard Air Line R. Co., 227 Ala. 77, 148 So. 425.

However, on direct appeal from the assessment, as provided for by section 2204 the property owner could defeat the assessment by proof of the matters which would give a court of equity jurisdiction in the premises. This being true,

the dismissal of appellant's bill was without injury to him. City of Hartselle v. Culver, supra; Nashville, Chattanooga & St. Louis R. Co. v. Town of Boaz et al., supra; Walton v. City of Mobile, supra.

Over the objection of the appellant, the court permitted the appellee, city of Russellville, to introduce in evidence the transcript of the proceedings of the city council of Russellville relating to the assessments, so far as the same concerned the property of appellant. This transcript on its face appears to set out all the ordinances and resolutions passed and adopted by the city council, and it shows that all requirements of the statute relating to local improvements by municipalities, as provided for by section 2174 of the Code, were met and observed, except in one particular, and that was, it did not contain a copy of the assessment roll so far as the same concerned appellant's property. The transcript is authenticated by certificate of the city clerk of the city of Russellville.

In passing upon appellant's objections to the introduction in evidence of the transcript of the proceedings of the city council, it appears that the court's order was thus expressed: "For the present overruled," to which ruling defendant excepted.

It appears that during the trial the court, over objection of the appellant, allowed the appellee to file and read in evidence an amended transcript, or an amendment to the transcript, which set out the assessment roll, omitted from the first transcript, in so far as it concerned appellant's properties and assessment.

■ The court committed no error in permitting the appellee to file the amended transcript, which supplied the omission in the original transcript as to the assessment roll covering appellant's property. Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325; Code, § 2207; Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448.

It is insisted by appellant that, in as much as the original ordinance and resolutions, touching the local improvement of the street upon which appellant's property abutted, were not entered upon the minute book of the city council, or were not recorded in some permanent record, but were fastened to pages of the record book by means of clips, and that the transcript was not made from the original ordinances, but from copies of the ordinances, the transcript was not sufficient as pleading in the cause nor admissible as evidence; that in overruling appellant's said objection to the introduction of the transcript in evidence the court committed error, necessitating a reversal of the cause.

■ We are in full accord with appellant's counsel in his contention that the ordinances and resolutions should have been recorded in some permanent record book, and that it was the duty of the city clerk to make this permanent record.

In the case of Nashville, Chattanooga & St. Louis R. Co. v. Town of Boaz, 226 Ala. 441, 147 So. 195, we had occasion to refer to the fact that the law contemplates that a permanent record should be made of the proceedings of the city council and that papers evidencing their actions should not be simply pasted in some book, susceptible to easy spoliation or destruction. What was there said is pertinent here.

■ However, we cannot go to the length of holding that the negligent omission of duty, in the respect above indicated, will be allowed to invalidate the whole proceedings and defeat the assessment, when, as here, the trial court had before it the clerk's certificate to the correctness of the transcript, which is "prima facie evidence of the correctness of such assessment, and that said property and persons are justly indebted to the city or town for the amount of said assessment." Code § 2208. Not only this, but there was evidence before the court showing that the copies of the ordinances and resolutions contained in the transcript were, in fact, true and full copies of the original ordinances and resolutions duly passed and adopted by the city council. There was no evidence before the court to dispute the facts so certified to by the clerk.

The court committed no error in overruling the objections of appellant to the introduction in evidence of the transcript of the proceedings of the city council of Russellville relating to the assessments made against appellant's properties. Code, §§ 2207 and 2208; Ingram v. Evans, 227 Ala. 14, 148 So. 593, 595.

■ It is next insisted that the court committed error in permitting the appellee to introduce in evidence what is called the "Caldwell File." This document was a transcript of all the ordinances relating to local improvements made in the city of Russellville, including the improvement

64

of the street on which appellant's property abutted, and was made up, certified to, and forwarded to a prospective bond purchaser for the approval of his attorneys. In so far as the ordinances and resolutions concerned the improvement of the street upon which appellant's property was located, the transcript was the same as that filed by the city on appellant's appeal. It included, however, copies of other ordinances and proceedings not involving appellant's property. We may well concede that the court committed error in permitting appellee to offer this transcript in evidence. It was wholly immaterial, and should have been excluded, but this error involved no injury whatsoever to appellant, for, with or without that transcript, the appellee had made out this phase of its case.

The evidence offered in connection with the "Caldwell File" was likewise immaterial and irrelevant, but not injurious. Therefore the case will not be reversed for this error. Hunt et al. v. Murdock, 229 Ala. 277, 156 So. 841.

The appellant groups assignments of errors 48, 51, 52, 53, 54, 55, and 56, and argues the same jointly. In this situation all the assignments must be good to be availing. These assignments are grouped under proposition 6, and the only argument advanced by appellant to sustain his contention for error with reference to these assignments is as follows: "Proposition six raises the question of the court's sustaining objections to various questions by the defendant to witnesses to test their knowledge, bias, interest in this case. These questions were all pertinent and this defendant had a right to test the knowledge of these various witnesses by these questions. The court committed error as set out and shown by these assignments of error and we respectfully insist on the same."

If it may be said that the foregoing rises to the dignity of an argument, the appellant can take nothing by these assignments so grouped, for the reason that the court properly sustained appellee's objections to one or more of the questions propounded to witnesses by appellant, and appellant's assignments of error as to such rulings were bad, necessitating the overruling of all assignments contained in the group. Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 153 So. 261;

Ford v. Bradford, 218 Ala. 62, 117 So. 429.

While the statutes governing proceedings on appeal do not require formal pleading, yet it is permissible. Although pleas 3 and 4 presented complete defenses to the assessment of the cost and expense of the improvements against appellant's property, we will not reverse the court for the error committed in sustaining appellee's demurrers thereto, as it was open to appellant to make the defense without special pleas presenting same.

This brings us to a consideration of the propriety of the court's action in declining to allow appellant to make proof by the witness W. W. Ramsey, who was at the time mayor of the city of Russellville, that the pavement of the street, upon which appellant's property abutted, was made under a contract with the city, and that the entire cost of the pavement was paid to the city by the state highway department.

We find in brief of counsel for appellee this statement: "Of course, if the State had in fact paid the entire cost of the improvement, the assessment in question would have been void, and the proper remedy would have been certiorari, not a direct appeal."

In this statement, appellee's counsel is correct, except in the particular as to appellant's remedy.

On the facts hypothesized above, appellant's remedy would not be by certiorari, but by direct appeal. This remedy appellant pursued, and he is in the right court, pursuing the proper remedy.

It was manifest error for the court to refuse to allow the appellant to show that the cost of the pavement had been paid to the city by the state.

The entire theory upon which municipalities are allowed to charge the cost of local improvements against abutting properties is that the city has incurred the cost, and the property, by reason of the special benefits derived from the improvements, has been increased in value.

It would follow necessarily that, if the city has been put to no cost and expense in making the improvements, the very first basis for making the assessment against the property would be lacking.

The question presented and decided by this court in the case of Wynn v. First

National Bank of Dothan, 229 Ala. 639, 159 So. 58, is quite different from the question here presented. In that case the property owner had slept on his right, and after failing to prosecute an appeal, attempted to get relief by bill in equity. It was held in that case that, whatever his rights might have been originally, he had delayed action for such a period of time that he was barred of the asserted defense by laches.

Here the appellant has made timely assertion of his claim in the proper way and in the proper tribunal. No question of laches or bar of the statute is presented or could be raised.

We hold that the appellant should have been allowed to prove that the city had been paid in full for the improvement.

The fact that another witness, connected with the city, testified that the pavement was not in fact paid for by the state, could not deprive the appellant of the right to show by Ramsey that it had been in fact paid for.

For this error the judgment of the law and equity court must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.