181 So. 491
### SMYTHE v. CITY OF HOMEWOOD.
6 Div. 176.

Supreme Court of Alabama.
May 19, 1938.

John T. Batten, of Birmingham, for appellee.

Alex C. Birch, of Montgomery, for appellant.

THOMAS, Justice.

The assignment of error challenged the action of the trial court in sustaining amended demurrer to complainant's bill as last amended.

The claim grows out of the installation of sewer and it is alleged (1) that the property was not improved or benefitted by the improvement and that the assessment therefor exceeded the benefit derived or accruing therefrom; (2) that complainant did not have due or proper notice of the improvement or assessment; and (3) that the property so dealt with and affected was not sufficiently described or indicated in the advertisement given by the municipality.

It may be that the bill as amended is good in its aspect as a statutory bill to quiet title. It shows that complainant is in the peaceable possession of the land; that the title to a part thereof is disputed by respondent, who claims a lien or interest in it; that no suit is pending to test the validity of respondent's claim, and calls upon such party to indicate its title, claim or interest. Code of 1923, §§ 9905 and 9906.

It is asserted by counsel that it appears from the pleading that the preliminary jurisdictional facts to subject the lands to the municipality's sewer assessment are valid on their face, yet the averments are that appellant-complainant did not have actual knowledge or due notice of the ordinance to improve said property and to make the assessment, and therefore, the assessment, sale and deed to purchasers are void. Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; City of Jasper v. Sanders, 226 Ala. 84, 145 So. 827; Chenault v. City of Russellville, 233 Ala. 60, 169 So. 706; Id., Ala.Sup., 183 So. 437;[1] Walton v. City of Mobile, 232 Ala. 200, 167 So. 247; Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467; Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448; Id., 223 Ala. 216, 135 So. 326.

It is declared that failure to file objections or protest in writing against municipal assessments within the time required by law by the owner who has due notice, is tantamount to having acceded to such assessment. Walton v. City of Mobile, 232 Ala. 200, 167 So. 247; Jones et al. v. City of Dothan et al., 230 Ala. 103, 159 So. 689; City of Birmingham v. Terrell, 229 Ala. 523, 158 So. 748; Commonwealth Life Ins. Co. v. First Nat. Bank of Birmingham, 230 Ala. 257, 160 So. 260.

The bill as last amended is aided by the many exhibits taken as a part thereof. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90. The amended bill shows that the paving ordinance in question was dated October 1st and another October 12th, 1928. The notice of sale was dated June 18, 1931, and at that time, the complainant's title and interest was that of a mortgagee.

In City of Birmingham v. Emond, 229 Ala. 346, 157 So. 64, it was held that the statutes (Code, § 2190 and General Acts 1927, p. 764, § 19) provide that a due assessment for public improvement, according to the decisions, be made in the name of the owner, and not, as contended, in the name of a mortgagee. U. S. Bond & Mortgage Co. v. City of Birmingham, 229 Ala. 536, 158 So. 751. This fact was presented by demurrer, when the pleading is construed most strongly against the pleader, and there was no error in sustaining the demurrer to the bill as last amended.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

